**2017 UT App 100**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JARED MICHAEL WATRING,
Appellant.

Opinion
No. 20150841-CA
Filed June 22, 2017

Second District Court, Farmington Department
The Honorable John R. Morris
No. 151700133

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Aaron G. Murphy, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
J. FREDERIC VOROS JR. and DAVID N. MORTENSEN concurred.

TOOMEY, Judge:

¶1     Jared Michael Watring appeals the district court's
decision to correct his 2015 sentence after the court ordered him
to serve the sentence concurrently with rather than consecutively
to previously imposed sentences. Watring contends the court
lacked jurisdiction to correct the sentence and erred in
determining it had made a clerical error in ordering that the
sentences run concurrently. We affirm.

¶2     Watring was sentenced in December 2011 on three drug
charges—two third degree felonies and one class B
misdemeanor. The district court sentenced Watring to an
indeterminate prison term not to exceed five years for each of the
felony charges. It sentenced Watring to 182 days of jail time for

the misdemeanor charge. The court suspended the prison and jail terms and ordered Watring to serve thirty-six months on probation and to complete the Regional Substance Abuse Treatment program (RSAT).

¶3    In January 2015, Watring was charged with possession of a controlled substance with intent to distribute, a second degree felony, and possession or use of a controlled substance, a class B misdemeanor. On February 2, 2015, during a hearing and after accepting a plea offer from the State, Watring pleaded guilty to one third degree felony. He waived the waiting period for sentencing, and the court immediately sentenced him. The court sentenced Watring to a suspended prison term of zero to five years on the condition that he serve three years of probation and successfully complete RSAT. The court did not address Watring's 2011 sentences, including whether the 2015 sentence would run concurrently with or consecutively to them. It concluded the hearing by explaining that Watring needed to return the next day to discuss matters related to RSAT. Of particular importance to this appeal, the court entered its signed minutes of the February 2 hearing the same day. The minutes reflect the court's failure to determine whether Watring's 2015 sentence would run concurrently with or consecutively to the 2011 sentences: that section of the minutes was left blank.

¶4    On February 3, 2015, Watring appeared before the district court to discuss RSAT. The court apologized for going on "auto pilot" at the previous day's hearing. Defense counsel added, "That's kind of what we talked about. I don't think we've ever admitted [Watring's] probation violation, so we'll start there today."[1] Watring then admitted that by committing the 2015

---

1. It is unclear from the record, but it appears the parties had a conversation with the court between the February 2 and February 3 hearings about Watring's probation violation and the

(continued…)

drug offense, he violated the terms of his 2011 probation and therefore could no longer participate in RSAT. The court asked defense counsel how the probation violation would affect his sentencing recommendation, to which defense counsel responded that because "the RSAT team is done with [Watring]," he recommended the court impose jail terms on the 2011 and 2015 offenses that would run concurrently. In light of the news of Watring's probation violation and defense counsel's recommendation, the court explained it wanted to review Watring's pre-sentence report and continue sentencing for one week.

¶5 On February 4, 2015, the day after the RSAT hearing, the district court filed a second minute entry regarding the February 2 hearing. Contrary to the original minute entry, the court stated, "All cases and charges may run concurrent."

¶6 On February 10, 2015, the district court held a hearing to address Watring's probation violation and to determine whether his sentences would run concurrently or consecutively. Defense counsel recommended concurrent sentences but asked that, in the event the court imposed consecutive sentences, the court recommend that Watring be accepted into the Con-Quest drug rehabilitation program. The State recommended consecutive sentences, emphasizing that Watring committed a drug offense while he was attending RSAT, began associating with individuals who undermined his efforts to rehabilitate, and led another RSAT participant to join him in committing the drug offense. After considering the recommendations, the court revoked probation as to each of Watring's charges and imposed all of the original sentences, highlighting the large quantity of drugs Watring possessed during the 2015 offense and the harm

---

(…continued)

need to revisit sentencing on the 2015 offense, since that issue was not addressed at the February 2 hearing.

he had caused another RSAT participant. The court ordered the 2011 sentences to run concurrently with one another but consecutively to the 2015 sentence. The court also recommended Watring for the Con-Quest program. The court's signed minutes reflected these orders.

¶7      In July 2015, Watring filed a motion to correct his 2015 sentence, arguing it was illegal because the second minute entry of the February 2 hearing stated his sentence would run concurrently with the 2011 sentences, but at the February 10 hearing, the court ordered it to run consecutively to those sentences. The court denied the motion.

¶8      In its ruling, the district court explained that under rule 22(e) of the Utah Rules of Criminal Procedure, it could correct an illegal sentence at any time. The court acknowledged it made two separate errors. The court first erred when, at the February 2 hearing, it failed to address whether Watring's 2015 sentence would run concurrently with or consecutively to the 2011 sentences, rendering the 2015 sentence illegal. Second, the court made a clerical error when it filed a second version of its minutes for the February 2 hearing, which noted that Watring's sentences would run concurrently. The court stated, "It was not the Court's intent to order [Watring's] sentences to run concurrent and the Court was unaware that the Minute Entry included this language when it signed and entered the Minute Entry." The court corrected the clerical error by issuing an amended minute entry. The court then explained it had already corrected its error of failing to address whether the sentences would run concurrently or consecutively at the February 2 hearing when it ordered the sentences to run consecutively at the February 10 hearing and that the February 10 minutes "accurately reflect[ed] the corrected sentences." Accordingly, the court denied the motion. Watring appeals.

¶9      Watring argues the second minute entry of the February 2 hearing ordering the sentences to run concurrently constitutes a

valid sentence and therefore the court lacked jurisdiction to correct the second minute entry. Whether a court has subject matter jurisdiction is a question of law, which we review for correctness. *State v. Young*, 2014 UT 34, ¶ 5, 337 P.3d 227.

¶10 An illegal sentence occurs where it "is ambiguous with respect to the time and manner in which it is to be served, *is internally contradictory, omits a term required to be imposed by statute*, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984 (emphasis added) (citation and internal quotation marks omitted). "The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time."[2] Utah R. Crim. P. 22(e) (2016). Thus, the court does not lose jurisdiction over an illegal sentence "until that sentence has been corrected." *State v. Thorkelson*, 2004 UT App 9, ¶ 10, 84 P.3d 854 (citation and internal quotation marks omitted). By contrast, "once a court imposes a valid sentence, it loses subject matter jurisdiction over the case." *Id.* (citation and internal quotation marks omitted).

¶11 Under the Utah Code, sentencing courts

shall state on the record and shall indicate in the order of judgment and commitment:

(a) if the sentences imposed are to run concurrently or consecutively to each other; and

---

2. Rule 22(e) of the Utah Rules of Criminal Procedure was amended in May 2017 and now provides in relevant part: "The court may correct a sentence when the sentence imposed: . . . (6) omits a condition required by statute or includes a condition prohibited by statute."

> (b) if the sentences before the court are to run concurrently or consecutively with any other sentences the defendant is already serving.

Utah Code Ann. § 76-3-401(1) (LexisNexis 2012). Section 401(1) required the district court, when imposing sentence for Watring's 2015 offense, to specify whether the sentence would run concurrently with or consecutively to the 2011 sentences. But the court did not do so at the February 2 hearing where it imposed the sentence, and it did not address the issue in the original minute entry that contained the order of judgment and commitment. In fact, there was no discussion at all about concurrent or consecutive sentences at the February 2 hearing. Because the court omitted "a term required to be imposed by statute," the sentence was illegal. *See Yazzie*, 2009 UT 14, ¶ 13 (citation and internal quotation marks omitted). The second minute entry, filed on February 4, contradicted the court's clear intention to continue sentencing, which it announced the previous day at the February 3 hearing, and therefore did not correct the illegal sentence. *See id.* Rather, the court corrected the illegal sentence when it imposed consecutive sentences at the February 10 hearing.

¶12 Watring also argues the district court erred when it determined the second minute entry was a clerical error as described in rule 30(b) of the Utah Rules of Criminal Procedure. Specifically, he argues the error was not clerical because the prison term for the 2015 offense was suspended, which, from his point of view, accurately reflected the court's intention to impose concurrent sentences. "[T]he interpretation of a rule of procedure is a question of law that we review for correctness." *State v. Rodrigues*, 2009 UT 62, ¶ 11, 218 P.3d 610 (alteration in original) (citation and internal quotation marks omitted).

¶13 Rule 30(b) of the Utah Rules of Criminal Procedure states, "Clerical mistakes in judgments, orders or other parts of the

record and errors in the record arising from oversight or omission may be corrected by the court at any time." The purpose of this rule "is to correct clerical errors so that the record reflects what was actually done or intended." *Rodrigues*, 2009 UT 62, ¶ 14 (citation and internal quotation marks omitted). There is a distinction "between clerical errors and judicial errors; [t]he distinction . . . depends on whether [the error] was made in rendering the judgment or in recording the judgment as rendered." *Id.* (alterations and omission in original) (citation and internal quotation marks omitted). Thus, an error made in recording the judgment is clerical, but an error made in rendering the judgment is judicial. *Id.* "[O]ur clerical error analysis generally focuses on (1) whether the order or judgment that was rendered reflects what was done or intended, (2) whether the error is the result of judicial reasoning and decision making, and (3) whether the error is clear from the record." *Id.*

¶14 In light of these factors, we conclude the error was clerical. The second version of the minutes did not reflect what the court intended, *see id.*, because the court had not yet addressed whether the sentences should run concurrently or consecutively, and the day before the second minutes were filed, the court announced its decision to continue sentencing for one week so it could review the pre-sentence report. The error was made in recording the judgment, not as a result of judicial reasoning. *See id.* Moreover, only one week transpired between the time the court filed the second minutes and the time it held the February 10 hearing.

¶15 It appears the court was unaware that it had mistakenly ordered concurrent sentences, because it did not address this issue at the February 10 hearing. And when analyzing whether an error is clerical, "it matters little whether an error was made by the court clerk, the jury foreman, counsel, a party, or the judge." *Id.* (citation and internal quotation marks omitted). It is also telling that neither Watring nor his counsel addressed the

second minutes at the February 10 hearing. The record suggests Watring and his counsel were under the impression the court had yet to decide whether the sentences were to run concurrently or consecutively, as evidenced by defense counsel's statement at the February 10 hearing that, if the court was not agreeable to concurrent sentences, he would ask it to recommend Watring to the Con-Quest program. Indeed, Watring did not move the court to correct the sentences until months after it imposed them, ostensibly when he stumbled across the clerical error. Thus, it is clear from the record that the court made a clerical error. *See id.*

¶16 We conclude the court did not lose jurisdiction to correct the sentences and the filing of the second minutes of the February 2 hearing was a clerical error.

¶17 Affirmed.

———————