2019 UT App 154

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
CHEIRA ENRIQUEZ-MEZA,
Appellant.

Opinion
No. 20180258-CA
Filed September 19, 2019

Fourth District Court, Provo Department
The Honorable James R. Taylor
No. 171403749

Hakeem Ishola and Mari Alvarado Tsosie, Attorneys
for Appellant

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES KATE APPLEBY and RYAN M. HARRIS concurred.

HAGEN, Judge:

¶1 Cheira Enriquez-Meza pled guilty to one count of possession of a controlled substance with intent to distribute, a second-degree felony, which carried the consequence of deportation based on her non-citizen status in this country. In exchange for her guilty plea, the State agreed to dismiss the remaining charges against her and recommend five years of court-supervised probation and no additional jail time.

¶2 Before accepting her guilty plea, the district court engaged in a plea colloquy with Enriquez-Meza. Among other things, the court asked her whether she had had enough time to discuss with her counsel the State's burden of proof and whether

she was satisfied with counsel's advice on how to proceed with the case. Enriquez-Meza responded in the affirmative. The court explained the rights that she would be waiving if she decided to plead guilty and the possible punishments. Importantly, the court said, "If you're not a citizen, this would affect your right to remain in the country. Do you understand [that] consequence[]?" Enriquez-Meza responded, "Yes." Enriquez-Meza pled guilty and signed the written plea agreement, which also included an explanation regarding the risk of deportation for non-citizen defendants.

¶3      Prior to sentencing, Enriquez-Meza obtained new counsel and moved to withdraw her guilty plea. Enriquez-Meza argued that her guilty plea was not knowing and voluntary, because (1) her counsel did not inform her of her risk of deportation and (2) she responded "yes" rather than "guilty" when the court asked, "[H]ow do you plead?" The court held a two-day evidentiary hearing to address Enriquez-Meza's arguments. At the hearing, Enriquez-Meza conceded that her plea counsel informed her of the risk of deportation. Nonetheless, she maintained that "she was not properly advised of immigration consequences" because counsel did not "either discuss strategies [Enriquez-Meza] might employ to avoid deportation or seek independent counsel with an immigration attorney for that purpose."

¶4      In its written ruling, the district court concluded that Enriquez-Meza received constitutionally effective assistance of counsel in connection with her guilty plea. The court found that her counsel properly informed her of the risk of deportation and that, under *Padilla v. Kentucky*, 559 U.S. 356 (2010), counsel is "not required . . . to ensure that the client underst[ands] every possible immigration strategy to avoid deportation." Instead, *Padilla* requires only that the defendant understand the risk of deportation. *See id.* at 374 (holding that "counsel must inform her client whether his plea carries a risk of deportation"). Moreover,

even if counsel's performance could be characterized as deficient, the court found that Enriquez-Meza had "failed to establish that the advice or delay to further consult with an immigration counsel would have made a difference" because she did not explain or demonstrate "that the suggested strategies to contest deportation" would have been successful. The court also made a factual finding that Enriquez-Meza responded "guilty" when asked for her plea. Although the transcript recorded her response as "yes," the court found that this was a transcription error based on its review of the audio recording of the change of plea hearing and its contemporaneous notes. The court therefore denied Enriquez-Meza's motion to withdraw her guilty plea.

¶5 Enriquez-Meza appeals the district court's denial of her motion to withdraw her guilty plea, raising two arguments. First, she argues that the court erred in determining that her plea counsel did not perform deficiently when he "affirmatively misled [her] to believe that she could re-enter the United States within five years . . . and was ineligible for other reliefs from deportation." To challenge a guilty plea on appeal, a defendant must move to withdraw the plea prior to sentencing. Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2017). If a defendant fails to meet this statutory requirement, we are "foreclose[d]" from reviewing the issue on direct appeal, even for plain error, *see State v. Rettig*, 2017 UT 83, ¶¶ 26, 47, 416 P.3d 520, and the defendant "shall" instead pursue the claim under the Post-Conviction Remedies Act, *see* Utah Code Ann. § 77-13-6(2)(c).

¶6 Recently, this court held that the plea withdrawal statute also precludes review when a defendant timely moves to withdraw the plea below but then appeals based on a different legal theory. *See Badikyan*, 2018 UT App 168, ¶ 21, 436 P.3d 256, *cert. granted*, 436 P.3d 1247 (Utah 2019). In *Badikyan*, the defendant complied with the jurisdictional requirement by moving to withdraw his guilty plea prior to sentencing. But rather than "challenge the district court's factual findings and

legal conclusions" on the ground he raised below, the defendant "assert[ed] an entirely different ground [on appeal] for why he should have been allowed to withdraw his guilty plea." *Id.* As a result, the plea withdrawal statute precluded this court from reviewing his new argument on appeal, "even under the plain error exception to preservation." *Id.*

¶7     Like the defendant in *Badikyan*, Enriquez-Meza timely moved to withdraw her guilty plea before sentencing but based that motion on a legal theory entirely different from that raised on appeal. Specifically, Enriquez-Meza argued below that counsel was ineffective in failing to advise her of the risk of deportation and failing to consider every possible strategy to avoid deportation, whereas on appeal she argues that counsel "affirmatively misled [her] to believe that she could re-enter the United States within five years . . . and was ineligible for other reliefs from deportation." Because she failed to properly preserve the legal theory she now advances on appeal, we are precluded from addressing it. *See id.*

¶8     Second, Enriquez-Meza argues that her plea did not satisfy rule 11 of the Utah Rules of Criminal Procedure because she never said that she was "guilty." We "review the ultimate decision to deny a motion to withdraw a guilty plea under an abuse of discretion standard." *State v. Stilling*, 856 P.2d 666, 670 (Utah Ct. App. 1993) (cleaned up). The district court's findings of fact are reviewed for clear error, and its conclusion "regarding substantial compliance with constitutional and procedural requirements for entry of a guilty plea is . . . reviewed for correctness." *Id.*

¶9     Relying on the transcript from the change of plea hearing, Enriquez-Meza contends that she answered "yes" rather than "guilty" when asked to enter her plea. But after she moved to withdraw her guilty plea on that basis, the district court listened to the audio recording of the change of plea hearing, reviewed

its contemporaneous notes, and found that the transcript was incorrect and that her actual response was "guilty." The court also pointed to the next line in the transcript, in which the court responds, "I'll receive and accept the guilty plea." Enriquez-Meza did not inform the court at that time that she was not pleading guilty.

¶10 Enriquez-Meza challenges the district court's finding that she responded "guilty," arguing that the court "*sua sponte* gave credence to its recollection over the official transcript" and that it would have been "better practice . . . for the court to invite the parties to weigh in and/or conduct further investigation of what [she] actually verbalized." But the district court did conduct further investigation when it listened to the audio recording, reviewed its notes, and reread the transcript in its entirety. Further, the court acted within its discretion to correct the transcript. Rule 30 of the Utah Rules of Criminal Procedure permits district courts to correct "[c]lerical mistakes in . . . the record and errors in the record arising from oversight or omission . . . at any time and after such notice, if any, as the court may order." Utah R. Crim. P. 30(b). "The purpose of this rule is to correct clerical errors so that the record reflects what was actually done or intended." *State v. Watring*, 2017 UT App 100, ¶ 13, 400 P.3d 1148 (cleaned up); *see also* Utah R. App. P. 11(h) (providing that "[i]f any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth" and that "the parties by stipulation, the trial court, or the appellate court, either before or after the record is transmitted, may direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted").

¶11 Although the court's factual finding is reviewable for clear error, *see Stilling*, 856 P.2d at 670, Enriquez-Meza has not provided the audio recording of the proceeding in the record on

appeal. Without an adequate record, we defer to the district court's finding that the transcript was incorrect and that Enriquez-Meza did say "guilty" when asked, "[H]ow do you plead?" *See State v. Morello*, 927 P.2d 646, 649 (Utah Ct. App. 1996) (explaining that "we do not presume error simply because [part of] the record is unavailable").

¶12    We conclude Enriquez-Meza did not preserve the specific ineffective-assistance argument she makes on appeal and that the district court acted within its discretion to correct the record. Accordingly, the denial of Enriquez-Meza's motion to withdraw her guilty plea is affirmed.

_____