Justice Durham,
opinion of the Court:
INTRODUCTION
T1 Over the course of a few hours on June 17, 2018, defendant Shanelle Gailey entered her initial appearance in the district court for burglary-related charges, was appointed counsel, waived her right to a preliminary hearing and trial, pled guilty, waived the waiting period for sentencing, and received judgment and sentence.
12 Ms. Gailey now wishes to challenge her plea as unknowing and involuntary, but Utah Code section 77-18-6 (Plea Withdrawal Statute) cuts off a defendant's right to a direct appeal once sentencing is announced, requiring the defendant instead to pursue plea withdrawal claims collaterally through the Post-Conviction Remedies Act (PCRA). Ms. Gailey argues-contrary to our caselaw-that the Plea Withdrawal Statute does not cut off her right to a direct appeal, but merely allows a defendant to pursue either a direct appeal or postconviction relief. If the statute does in fact preclude a direct appeal, then Ms. Gailey argues that the statute is unconstitutional because article I, section 12 of the Utah constitution provides that "iln criminal prosecutions the accused shall have ... the right to appeal in all cases" and she claims that the PCRA remedy is not an adequate substitute for a direct appeal.
13 We reaffirm our caselaw and conclude that the Plea Withdrawal Statute bars direct appeals once sentencing takes place, and requires defendants to pursue postconviction relief, We also determine that Ms. Gailey's constitutional right to an appeal has not been violated-the Plea Withdrawal Statute does not altogether foreclose the right to an appeal; rather, it provides an alternative procedural route for challenging a plea. Although Ms. Gailey also argues that she could hypothetically be denied state-paid counsel or the effective assistance of counsel in the PCRA proceeding, which she claims would render such a proceeding an inadequate substitute for an ordinary appeal, she has not chosen to pursue such a proceeding and therefore these claims are not ripe for our review.
BACKGROUND
T4 The State charged Ms. Gailey with burglary, theft, and criminal mischief for allegedly breaking into her mother's home and stealing cash and her mother's car keys. Ms. Gailey's case was assigned to Early Case Resolution (ECR) Court. On June 17, 2018, Ms. Gailey entered her initial appearance, was appointed counsel, and waived her right to a preliminary hearing. After the State agreed to drop two of the charges and reduce the burglary charge to eriminal trespass, Ms. Gailey agreed to plead guilty.
5 A person may be guilty of criminal trespass under Utah Code section 76-6-206(2)(a) if she "enters or remains unlawfully on property and ... intends to cause [an] annoyance." Ms. Gailey's plea affidavit stated that "On March 18, 2018, in Salt Lake County, Shanelle Gailey unlawfully entered onto another's property intending to cause an annoyance." Ms. Gailey's counsel read this statement to the court and the judge asked Ms. Gailey if that was what happened. The following exchange then took place:
DEFENDANT GAILEY: Not exactly but it's my mother's house, I stayed there but I- did annoy her. I will say that, didn't intend to but I did.
THE COURT: So it sounds like you started by saying that you didn't really do it and then you came around and those facts are basically the facts of the case?
DEFENDANT GAILEY: Yeah, they are. THE COURT: So do you admit that those facts that your counsel described are essentially what happened in the case?
DEFENDANT GAILEY: Yes.
THE COURT: Okay. And are you pleading guilty to the charge because you're guilty of it?
*1280 DEFENDANT GAILEY: Yes.
6 The judge informed Ms. Gailey that by pleading guilty she would be giving up "important constitutional rights," including the right to trial and the right to appeal any conviction at trial to an appellate court. The judge also advised Ms. Gailey that by waiving the minimum two-day waiting period for sentencing she would waive any chance she would otherwise have to withdraw her guilty plea, Ms. Gailey indicated that she understood and the court then entered judgment and sentence.
17 Ms. Gailey filed a notice of appeal without filing a motion to withdraw her plea. The court of appeals sua sponte offered a motion for summary disposition "on the basis that thle] court lacks jurisdiction because there was no timely motion to withdraw the guilty plea." Ms. Gailey then "assert[ed] that the nature of the court process under which her case proceeded precludes meeting the requirements for perfecting an appeal, and ... there are constitutional issues implicated by the process." In response, the court of appeals issued an order withdrawing the motion for summary disposition, and ordered that the case would go forward solely on the jurisdictional and constitutional questions raised. The court of appeals certified the case to this court, We have jurisdiction under Utah Code section 78A-8~102@8)(b).
STANDARD OF REVIEW
18 "Whether appellate jurisdiction exists is a question of law which we review for correctness...." Migliore v. Livingston Fin., LLC, 2015 UT 9, € 15, 347 P.3d 894 {citation omitted). The constitutionality of a statute is also a question of law reviewed for correctness. Injured Workers Ass'n v. State, 2016 UT 21, 1 12, 374 P.3d 14.
ANALYSIS
T9 Article I, section 12 of the Utah constitution provides that "[in eriminal prosecutions the accused shall have ... the right to appeal in all cases." This right is not unlimited, however, as "the appeal must be taken within such limitations and restrictions as to time and orderly procedure as the Legislature may prescribe." Weaver v. Kimbail, 59 Utah 72, 202 P. 9, 10 (1921), One such limitation is Utah Code section 77-18a-1(1)(a), which permits defendants an appeal "as a matter of right ... [from] a final judgment of conviction, whether by verdiet or plea."
5110 The Plea Withdrawal Statute further limits a defendant's right to appeal by requiring the defendant to either withdraw the plea prior to sentencing, or pursue postconviction relief after sentencing. Ms. Gailey argues that the Plea Withdrawal Statute provides postconviction relief as a permissive alternative to pursuing a direct appeal, not a mandatory replacement. She contends that "[tlhere is nothing in the language of the [Plea Withdrawal Statute] that explicitly strips courts of jurisdiction," and that our caselaw has mistakenly interpreted the statute as requiring defendants to pursue postconviction relief exclusively.
11 We use this opportunity to clarify and reaffirm our precedent holding that the Plea Withdrawal Statute is a procedural bar to a direct appeal post-sentencing. We next consider Ms. Gailey's constitutional arguments, and conclude that the Plea Withdrawal Statute does not on its face violate the constitutional right to appeal, because it provides a mechanism for review of and relief from an unknowing or involuntary plea, including appellate review. Finally, we conclude that this statute is not unconstitutional as applied to Ms. Gailey as she has not yet encountered any deficiencies-specifically, the deprivation of state-paid counsel or ineffective assistance of counsel-associated with pursuing post-conviction relief, While the PCRA does not require an attorney to be appointed, the judge may nevertheless choose to appoint one for the defendant. And while effective assistance of counsel is not mandated in post-conviction proceedings, Ms. Gailey has not pursued this remedy and we therefore do not know whether she would encounter ineffective assistance of counsel. Thus, these claims are not ripe for review.
I. THE PLEA WITHDRAWAL STATUTE PROCEDURALLY REQUIRES DEFENDANTS TO PURSUE POST-CONVICTION RELIEF POST-SENTENCING
112 The legislature enacted the Plea Withdrawal Statute in 1980, with two signifi *1281 cant substantive amendments in 1989 and 2008. The 1980 version of the statute did not include a time limitation for withdrawing a guilty plea; instead it provided that a "plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of court." UTAH Copm § 77-18-6 (1982); see Grimmett v. State, 2007 UT 11, T 11, 152 P.3d 806; State v. Abeyta, 852 P.2d 993, 994-96 (Utah 1993) (per curiam) (allowing the defendant to withdraw a guilty plea almost three years post-sentencing). Under the 1980 version of the statute, "even when a judge found that a plea was knowingly and voluntarily entered, he or she still retained broad discretion to determine whether other circumstances in the case constituted good cause for allowing the defendant to withdraw his plea." State v. Ruiz, 2012 UT 29, 1 31, 282 P.3d 998.
13 But in 1989 the legislature amended the statute and created a thirty-day filing limitation on the defendant's right to withdraw a guilty plea Utax Copr § T7-13-6(2)(b) (1989). The statute provided that this thirty-day limitation began to run at the "entry of the plea," which we interpreted as referring to thirty days after the entry of final judgment, and not thirty days from the plea colloquy. State v. Ostler, 2001 UT 68, «[ 11, 31 P.3d 528.
14 In State v. Abeyta, we remarked that after this thirty-day period, "the right [to withdraw a guilty pleal is extinguished." 852 P.2d at 995. Although we later characterized this statement in Abeyto as dictum, we reaffirmed the principle in several cases and expressly held the thirty-day limit to be a procedural bar to plea withdrawals and appeals from guilty pleas. See Ostler, 2001 UT 68, T 10, 81 P.3d 528 (noting that if a defendant misses the thirty-day filing deadline, it would "deprive the district court of the power to review a plea"); State v. Reyes, 2002 UT 13, T 3, 40 P.3d 630 ("[Blecause Reyes did not move to withdraw his guilty plea within thirty days after the entry of the plea, we lack jurisdiction to address the issue on appeal."); State v. Merrill, 2005 UT 34, 1 17, 114 P.3d.585 ("Although the retroactive promotion of dictum to holding is a practice we do not endorse, we neither apologize for our assessments of the jurisdictional nature of the thirty-day filing period in Abeyto and Ostler nor retreat from what is clearly our holding in Reyes, all of which imposes a jurisdictional bar on late-filed motions to withdraw guilty pleas."); Grimmett, 2007 UT 11, T 12, 152 P.3d 306 ("Section 77-18-6, however, was amended by the legislature in 1989 to impose a strict jurisdictional time limit.").
15 In 2008, the legislature made the most recent substantive amendments to the Plea Withdrawal Statute by incorporating two major changes. First, the legislature removed the thirty-day filing deadline, and instead required that a "request to withdraw a plea of guilty ... shall be made by motion before sentence is announced." Urax Cop® § 77-13-6(2)(b). Second-and for the first time in the, statute's history [1]-the legislature provided a procedural remedy for relief where the defendant wishes to challenge a guilty plea but has missed the deadline. This remedy requires that any post-sentencing plea withdrawal challenges "shall" be pursued through postconviction relief in accordance with the PCRA and rule 65C of the Utah Rules of Civil Procedure. Id. § 77-18-6(@2)(c).
T16 Our cases interpreting the 2008 version of the Plea Withdrawal Statute have reaffirmed the principle that this statute imposes a procedural bar. See Grimmett, 2007 UT 11, 1 25, 152 P.3d 306 ("Because Grim-mett's motion to withdraw was untimely ... we have no jurisdiction to consider his challenge to the validity of his guilty pleas."); State v. Rhinehart, 2007 UT 61, 1 14, 167 P.3d 1046 ("[Cllaims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by section 77-18-6.... We therefore are without jurisdiction to consider Ms. Rhine-hart's claim."); State v. Oft, 2010 UT 1, 1 18, 247 P.3d 344 ("[F lailure to withdraw a guilty plea within the time frame dictated by see *1282 tion 77-18-6 deprives the trial court and appellate courts of jurisdiction to review the validity of the plea."); see also State v. Smith, 2011 UT App 336, 1 4, 263 P.3d 1219 (TIlf a defendant fails to file a timely motion to withdraw his guilty plea, the appellate court lacks jurisdiction to consider any claim except.a challenge to the sentence.... If a motion to withdraw a guilty plea is not timely filed, any challenge to a guilty plea must be pursued under the [PCRA].").
117 Ms. Gailey challenges our caselaw interpreting the Plea Withdrawal Statute, asserting that "[there is nothing in the language, of the former or current statute that explicitly strips courts of jurisdiction." Although the current language of the statute specifically provides that "[alny challenge to a guilty plea not made [pre-sentencing] shall be pursued under [the PCRA]," Urax Copm § 77-13-6(2)(c) (emphasis added), Ms, Gailey argues that this language could be interpreted as directory and not mandatory, and therefore does not cut off a defendant's right to a direct appeal post-sentencing, |
18 We reject Ms. Gailey's reading of the statute. Although the 1989 version of the statute did not expressly provide that the right to withdraw a plea is extinguished after the thirty-day deadline, we inferred a procedural bar from its language and structure. Reliance on this inference is no longer necessary. The plain language of the current Plea Withdrawal Statute explicitly provides the procedural roadmap for post-sentencing motions to withdraw a plea-and that is through postconviction relief.
19 There is also no indication that the legislature intended postconviction relief as a permissible alternative route to a direct appeal; in fact the inference goes the other way. In Grimmett, for example, we noted that the "legislature apparently enacted this amendment in response to our decision in State v. Ostler.... The 2008 amendment eliminates [the thirty-day deadline] and instead mandates that any motion to withdraw a plea be filed before sentence is announced." 2007 UT 11, T4 15-16, 152 P.8d 806 (citation omitted). Because the defendant in Grimmett failed to withdraw his plea before sentencing, we held that "we have no jurisdiction to consider his challenge to the validity of his guilty pleas." Id. % 25.
20 We therefore reaffirm our prior case-law holding that after sentencing is entered, a defendant may not file a motion to withdraw a guilty plea or directly appeal the plea, but must pursue postconviction relief through the PCRA and rule 65C of the Utah Rules of Civil Procedure.
IL MS. GAILEY'S CONSTITUTIONAL RIGHT TO AN APPEAL HAS NOT BEEN VIOLATED
121 Ms. Gailey asks this court to reconsider our caselaw regarding the Plea Withdrawal Statute in light of the recent United States Supreme Court precedent recognizing the critical nature of the plea-bargaining process. See Missourt v. Frye, - U.S. --, 182 8.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012) ("In today's criminal justice system ... the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant."); Lofler v. Cooper, -- U.S. --, 132 S.Ct. 1376, 1388, 182 L.Ed.2d 398 (2012) (noting that 94 percent of state convictions are the result of guilty pleas and rejecting the notion that a "fair trial wipes clean any deficient performance by defense counsel during plea bargaining")[2]
122 Ms. Gailey claims that her plea was unknowing and involuntary and that therefore her waiver of the right to a direct appeal violated due process. Further, Ms. Gailey argues that the PCRA remedy does not satisfy her constitutional right to an appeal because-unlike a direct appeal-the PCRA does not guarantee state-paid counsel or the effective assistance of counsel in a challenge to a plea. '
*1283 123 We do not reach the question of whether Ms. Gailey's plea was unknowing or involuntary, because we have been asked to determine only whether the Plea Withdrawal Statute's requirement that Ms. Gailey pursue postconviction relief has violated her constitutional right to an appeal. We hold that the Plea Withdrawal Statute does not, on its face, violate the constitutional right to appeal. It simply dictates the procedural mechanism for pursuing a claim; it does not altogether foreclose relief[3] We also hold that Ms. Gailey's Sixth Amendment claims to state-paid counsel and the effective assistance of counsel are not ripe, as Ms. Gailey has not yet petitioned the court for counsel and we do not yet know whether that counsel would be ineffective. We therefore hold that Ms. Gailey's constitutional right to an appeal has not been violated.
A. The Fundamental Constitutional Requirement of an Appeal May Be Served Through Alternative Procedural Routes
124 Notwithstanding the unavailability of a direct appeal in her eriminal case, Ms. Gailey is not left without recourse to challenge her guilty plea post-sentencing; she may challenge her plea in a postconviction proceeding as provided for in the PCRA, including eventual plenary review by an appellate court. Grimmett v. State, 2007 UT 11, 26, 152 P.3d 306 ("Our decision today does not leave Grimmett without a remedy, however, [The Plea Withdrawal Statute] expressly states that an untimely challenge to a guilty plea 'shall be pursued under the PCRA and rule 65C of the Utah Rules of Civil Procedure."); see also Latorre v. United States, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999) ("Our decisions upholding waivers of direct-appeal rights have explicitly noted the availability of [postconviction] collateral attack.").
25 Under the PCRA, Ms. Gailey has the right to appeal from the final judgment of the postconviction proceeding in the district court. Urax Cop® $ 78B-9-110. In fact, both Lofler and Frye-the cases Ms. Gailey relies upon to emphasize the importance of plea bargaining proceedings-are appeals from postconviction proceedings. Laffer, 182 S.Ct. at 1888-84; Frye, 182 S.Ct. at 1405. Therefore, we hold that the Plea Withdrawal Statute does not facially withhold the constitutional right to an appeal.
B. Right to Appointment of Counsel-and Effective Assistance of Counsel
126 The Sixth Amendment right to counsel extends to a defendant's first appeal as of right. This right includes the right to state-paid counsel for indigent defendants. Pennsylvamia v. Finley, 481 U.S. 551, 554, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("[Dle-nial of counsel to indigents on first appeal as of right amount[s] to unconstitutional discrimination against the poor."). Indigent defendants also maintain a statutory right to state-paid counsel on direct appeal, See Utah Code § 77-32-304; Gardner v. Holden, 888 P.2d 608, 622 (Utah 1994) (articulating that the statute "provides for the assignment of counsel at state expense only during the trial proceedings and the first appeal of right or other remedies before or after conviction that the attorney considers to be in the interest of justice.").
1127 Defendants additionally have the right to the effective assistance of counsel on direct appeal. Bruner v. Carver, 920 P.2d 1153, 1157 (Utah 1996) ("The Due Process Clause of the Fourteenth Amendment guarantees the right to effective assistance of appellate counsel."); Avitéts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("A first appeal as of right ... is not adjudi *1284 cated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").
%28 Neither the right to state-paid counsel nor the right to effective assistance of counsel is constitutionally or statutorily guaranteed in postconviction proceedings. See Hutchings v. State, 2003 UT 52, 1 20, 84 P.3d 1150 (noting that defendants have "no statutory or constitutional right to counsel in a civil petition for postconviction relief"); Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("'There is no constitutional right to an attorney in state postconviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (citations omitted)). Thus, Ms. Gailey argues that the Plea Withdrawal Statute unconstitutionally infringes on her right to an appeal because it mandates review under the PCRA, where there is no guarantee of counsel. While we recognize that the PCRA does not guarantee state-paid counsel, it does provide that "the court may, upon the request of an indigent petitioner, appoint counsel on a pro bono basis to represent the petitioner." Urax Cope § 78B-9-109(1) (emphasis added); accord State v. Merrill, 2005 UT 34, T 47, 114 P.3d 585 (The PCRA expressly authorizes district courts to appoint counsel on a pro bono basis to a defendant pursuing post-conviction relief.").
129 Ms. Gailey argues that this permissive language is not enough, because she "is not in a position to prove to this Court that she will not be appointed PCRA counsel in the future." .This argument demonstrates why Ms. Gailey's claims of constitutional inadequacy are premature. As we observed in State v. Merrill, "Iwlhile not guaranteeing appointed counsel, the PCRA does not deny defendants access to counsel, [The defendant] has made no demonstration that PCRA petitioners like himself, who seek to withdraw guilty pleas, are generally, or ever, required to pursue their claims unaided by counsel." 2005 UT 34, 1 47, 114 P.3d 585; see also Grimmett, 2007 UT 11, 26, 152 P.3d 306 ("Given the cireumstances that have led [the defendant] to this point and the fact that the merits of his argument have not yet been addressed, [the defendant] appears to be a prime candidate to benefit from the district court's discretion to appoint counsel."); State v. Stone, 2018 UT App 148, T 11, 305 P.3d 167 ("[Defendant] has not demonstrated that he would be forced to pursue relief under the PCRA without the aid of counsel."). We cannot declare the PCRA remedy to be a constitutional violation of the right to assistance of counsel on appeal based on a hypothetical future denial of counsel.[4] See Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Lindberg, 2010 UT 51, T 40, 288 P.3d 1054 ("The ripeness doctrine 'serves to prevent courts from issuing advisory opinions' on issues that are not ripe for adjudication." (citation omitted)).
130 This same reasoning applies to Ms. Gailey's argument that she would be deprived of the guarantee of effective assistance of counsel in the PCRA proceeding. The PCRA does provide that "[nljothing in this chapter shall be construed as creating the right to the effective assistance of post-conviction counsel, and relief may not be granted on any claim that postconviction counsel was ineffective." Urax Copr $ 78B-9-202(4). But unless and until Ms. Gailey is denied the effective assistance of counsel in the PCRA proceeding, her claim that it unconstitutionally denies her right to an appeal is not ripe.
CONCLUSION
131 Today we reaffirm our caselaw holding that the Plea Withdrawal Statute procedurally cuts off a defendant's right to a direct appeal post-sentencing. However, defendants are not left without a remedy to challenge invalid pleas and to appellate review of such challenges; they may pursue their claims collaterally through postconviction proceedings. As for Ms. Gailey's arguments that the PCRA does not guarantee state-paid counsel or the effective assistance of counsel, we conclude that she is requesting a ruling on the hypothetical possibility of ineffective assistance or the denial of state-paid counsel. We determine these issues are not ripe for *1285 review. Because Ms. Gailey is procedurally barred from pursuing this direct appeal, we dismiss.

. State v. Merrill incorrectly conflated the 1989 statute and the 2003 statute by articulating the thirty-day filing limitation and the PCRA as two alternative options for withdrawing a plea. See 2005 UT 34, 1% 25, 30, 39, 114 P.3d 585. As detailed above, the thirty-day limitation is found only in the 1989 version of the statute while the PCRA remedy is found only in the 2003 version of the statute. ~

. It is also true that "[iinnocence, while a relevant consideration for a defendant charged with a criminal offense who is considering whether or not to enter a guilty plea, is not a dispositive consideration and does not prevent criminal defendants from pleading guilty." Russell D. Covey, Plea-Bargaining Law After Lafler and Frye, 51 Dug. L. Rev. 595, 615-16 (2013) (citing two police scandals wherein 81 percent of sixty-four actually innocent exonmerees pled guilty to false charges).

. The State argues that "the constitution has always granted the legislature authority to regulate how a Defendant must invoke appellate jurisdiction," because the legislature has the power under article VIII, section 5 of the constitution to create statutes regarding original and appellate jurisdiction. But this provision of the constitution 'does not grant the legislature power to eviscerate other constitutional rights, including the right to appeal found in article I, section 12. See State v. Lara, 2005 UT 70, [ 21, 124 P.3d 243 ("Article I, section 12, in concert with article VIII, section 5, provides a unique connection between the article I guarantee of the right to appeal and an express grant of jurisdiction to give practical effect to that right."). We are upholding the Plea Withdrawal Statute not because the legislature may enact any legislation it chooses-regardless of litigants' constitutional rights-but because the statule does not facially violate the constitutional right to appeal.

. As in Grimmett, Ms. Gailey would greatly benefit from the appointment of counsel in her post-conviction proceeding. See Grimmett, 2007 UT 11, T 26, 152 P.3d 306 ("Grimmett ainpears to be a prime candidate to benefit from the district court's discretion to appoint counsel.").