*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2017 UT 84**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

CURTIS MICHAEL ALLGIER,
*Appellant.*

No. 20130021
Filed November 22, 2017

On Direct Appeal

Third District, Salt Lake
The Honorable Paul G. Maughan
No. 071904711

Attorneys:

Curtis Michael Allgier, pro se

Sean D. Reyes, Att'y Gen., Christopher D. Ballard, Asst. Solic. Gen.,
Salt Lake City, for appellee

CHIEF JUSTICE DURRANT authored the opinion of the court, in which
ASSOCIATE CHIEF JUSTICE LEE, JUSTICE PEARCE, and
JUDGE CHRISTIANSEN joined.

JUSTICE DURHAM[*] filed a concurring opinion.

Having recused himself, JUSTICE HIMONAS does not participate
herein. COURT OF APPEALS ASSOCIATE PRESIDING
JUDGE MICHELE M. CHRISTIANSEN sat.

---

[*] Justice Durham sat on this case and voted prior to her retirement on
November 15, 2017.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1    Curtis Michael Allgier pleaded guilty to aggravated murder, disarming a police officer, aggravated escape, aggravated robbery, and possession of a firearm by a restricted person. He also pleaded no contest to three counts of attempted aggravated murder. After he was sentenced, Mr. Allgier filed a pro se motion to withdraw his pleas. The district court denied his motion because, as provided by the Plea Withdrawal Statute, Utah Code section 77-13-6, "[a] request to withdraw a plea of guilty or no contest . . . shall be made by motion before sentence is announced." Mr. Allgier appeals the denial of his motion to withdraw his pleas, challenging the constitutionality of the Plea Withdrawal Statute and arguing that he received ineffective assistance of counsel when he entered the plea agreement. We dismiss this appeal, holding that Mr. Allgier did not timely move to withdraw his pleas and that this court is without jurisdiction to consider his claims.

**Background**

¶2    While serving a sentence at the Utah State Prison in 2007, Mr. Allgier was transported to the University of Utah hospital for treatment. In an attempt to escape, he disarmed his transportation officer and shot him twice, killing him. Mr. Allgier then fled the hospital, used the officer's gun to steal a car, and drove away. Mr. Allgier's prior conviction restricted him from possessing or using a firearm.

¶3    Officers located Mr. Allgier and attempted to stop him by placing a spike strip on a freeway ramp. He avoided the spikes by swerving off the ramp and toward an officer. He then drove to a restaurant where he ordered everyone to the ground. There, he held a gun to an employee's head and fired, but missed. He instead beat the employee with the butt of the gun. When a customer came to the employee's aid, Mr. Allgier grabbed a knife and sliced the customer's neck. Officers later found Mr. Allgier hiding in a back room of the restaurant and arrested him.

¶4    Mr. Allgier was charged with aggravated murder, a capital offense; disarming a peace officer, aggravated escape, and aggravated robbery, all first degree felonies; three counts of attempted aggravated murder, first degree felonies; and possession of a firearm by a restricted person, a second degree felony.

¶5    Over five years after the charges were filed, the parties reached a plea agreement. In exchange for the State's agreement not

to seek the death penalty, Mr. Allgier agreed to plead guilty to the counts of aggravated murder, disarming a peace officer, aggravated escape, aggravated robbery, and possession of a firearm by a restricted person, and to be sentenced to life without parole for the aggravated murder. He also agreed to plead no contest to the three counts of attempted aggravated murder.

¶6   In a plea affidavit, which he "adopt[ed] . . . as [his] own," Mr. Allgier affirmed that he understood that he would give up certain rights, including "the right to appeal [his] conviction." He also declared, "I understand that if I want to withdraw my guilty/no contest pleas, I must file a written motion to withdraw my pleas before I have been sentenced and final judgment has been entered."

¶7   At the plea hearing, the court explained to Mr. Allgier that he would be waiving his right to appeal his conviction and his right to assistance of counsel. The court also explained that if Mr. Allgier wanted to withdraw his plea, he would have to file a written motion "prior to the time that sentence is announced." Mr. Allgier said that he understood and that he didn't require further explanation or clarification.

¶8   Mr. Allgier entered guilty and no contest pleas as stated in the plea agreement and signed the plea affidavit in open court. He also waived the maximum time for sentencing and was sentenced two months later.

¶9   At his sentencing hearing, held on December 5, 2012, Mr. Allgier addressed the court at length. He explained his version of the facts, criticized the pre-sentence report, criticized his prior attorneys, criticized his treatment at the jail, described his family situation, apologized to the officer's family, explained his reasoning for pleading guilty, detailed his criminal history, and apologized to the court for his past actions. He did not tell the court that he wished to withdraw his pleas.

¶10  The court sentenced Mr. Allgier to imprisonment for life without parole for aggravated murder; five years to life for disarming a peace officer; six years to life for aggravated escape; six years to life for aggravated robbery; six years to life for each count of attempted aggravated murder; and one to fifteen years for the possession of a firearm by a restrict person. The court ordered the sentences to run consecutively.

¶11  On December 22, 2012, Mr. Allgier signed and mailed to the district court a document entitled "Notice to Withdraw ALL pleas from case No. 071904711 FS, for, but NOT limited to: exorbi[t]ant

and very extraordinary circumstances, illegal and unconstitutional actions, extreme ineffective assistance, judicial misconduct, prosecutorial misconduct, fraud, deception, forgery, invalid pleas, and much more; and request for counsel to assist that's conflict free, competent." This December 22 notice does not mention any previous motion to withdraw filed by Mr. Allgier. On the same date, he filed a notice of appeal.

¶12  On appeal, Mr. Allgier moved this court to supplement the record with a motion to withdraw that he alleges he mailed to the district court and the prosecutors on October 11, 2012—one week after his plea hearing and well before his sentencing hearing. This court ordered the district court to review its records to determine whether this motion and an accompanying affidavit were received but either not filed or misfiled. We also ordered the parties to determine if there were any records of outgoing mail or the notarization of the affidavit, or if the prosecutors had received the motion and affidavit. The district court reported that it had no record of receiving the motion or the affidavit. The State reported that the prison logs only outgoing mail that the sender has marked "legal," and there was no record of any outgoing "legal" mail for Mr. Allgier in October 2012. The State also reported that the prison had no records regarding the notarizing of the affidavit. The prosecutors reported that they had no record of receiving the motion or the affidavit. This court accordingly denied Mr. Allgier's motion to supplement the record.

### Issue and Standard of Review

¶13 Mr. Allgier challenges the constitutionality of the Plea Withdrawal Statute, Utah Code section 77-13-6. Specifically, he argues that the jurisdictional bar deprives him of his right to direct appellate review of the entry of his plea.[1] "Whether appellate jurisdiction exists is a question of law which we review for

---

[1] Mr. Allgier argues that he received ineffective assistance of counsel at the plea hearing. We note that he filed a motion with this court to remand his case for findings necessary to determine his ineffective assistance of counsel claim under rule 23B of the Utah Rules of Appellate Procedure. Because we dismiss this appeal for lack of jurisdiction, we do not address his claim of ineffective assistance and dismiss his 23B motion.

correctness . . . ."[2] A constitutional challenge is also a question of law reviewed for correctness.[3]

## Analysis

¶14 The Utah Constitution provides that "[i]n criminal prosecutions the accused shall have . . . the right to appeal in all cases."[4] "This right is not unlimited, however, as 'the appeal must be taken within such limitations and restrictions as to time and orderly procedure as the Legislature may prescribe.'"[5] The Plea Withdrawal Statute "limits a defendant's right to appeal by requiring the defendant to either withdraw the plea prior to sentencing, or pursue postconviction relief after sentencing."[6] It provides that "[a] request to withdraw a plea of guilty or no contest . . . shall be made by motion before sentence is announced. . . . Any challenge to a guilty plea not made within the time period specified . . . shall be pursued under Title 78B, Chapter 9, Postconviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure."[7]

¶15 Mr. Allgier contends that the "Plea Withdrawal Statute unconstitutionally deprives [him] of his right to a direct appeal of his criminal case." He "asks this court to reconsider its case law establishing a jurisdictional bar to plea challenges after sentence is announced," and he applies the analysis we set forth in *State v. Menzies* to argue that our precedent in this regard is "'not the most weighty,' was not based on 'analysis and . . . reference to authority[,]' and establishes a rule that 'does not work very well.'"[8] He further argues that the Postconviction Remedies Act (PCRA) "does not provide protection equivalent to those available on direct appeal."

---

[2] *Gailey v. State*, 2016 UT 35, ¶ 8, 379 P.3d 1278 (citation omitted).

[3] *See State v. Maestas*, 2012 UT 46, ¶ 337, 299 P.3d 892.

[4] UTAH CONST. art. I, § 12.

[5] *Gailey v. State*, 2016 UT 35, ¶ 9, 379 P.3d 1278 (quoting *Weaver v. Kimball*, 202 P. 9, 10 (Utah 1921)).

[6] *Id.* ¶ 10.

[7] UTAH CODE § 77-13-6(2)(b)-(c).

[8] Quoting *State v. Menzies*, 889 P.2d 393, 399–400 (Utah 1994).

¶16 We recently rejected similar arguments in our opinion in *Gailey v. State.*[9] There, we "clarif[ied] and reaffirm[ed] our precedent holding that the Plea Withdrawal Statute is a procedural bar to a direct appeal post-sentencing."[10] We reach the same conclusion here and accordingly affirm the district court's denial of Mr. Allgier's motion to withdraw his pleas.

## I. Our Precedent that the Plea Withdrawal Statute is a Jurisdictional Bar to Direct Appeal After Sentencing is Well Established

¶17 Mr. Allgier argues that we "should reconsider case law analyzing the Plea Withdrawal Statute in light of amendments to the statutory law and controlling precedent from the United States Supreme Court." He specifically looks to this court's opinions in *State v. Merrill*[11] and *State v. Rhinehart*[12] to argue that our precedent has not addressed the constitutionality of the Plea Withdrawal Statute under article I, section 12 of the Utah Constitution. But whatever ambiguities he may have found in *Merrill* and *Rhinehart* were resolved by this court in *Gailey v. State.* Further, the "controlling precedent from the United States Supreme Court" he refers to only highlights the role of plea agreements in our current justice system—it does not address jurisdictional bars to appeals from plea agreements. Parties who ask this court "to overturn prior precedent have a substantial burden of persuasion"[13]—one that Mr. Allgier has not met.

¶18 In *State v. Merrill*,[14] and again in *Gailey v. State*,[15] this court traced its precedent establishing that the Plea Withdrawal Statute's deadline imposed a jurisdictional bar. The 1989 version of the Statute created a thirty-day filing limitation on the defendant's right to withdraw a guilty plea.[16] In *State v. Abeyta*, we recognized that after

---

[9] 2016 UT 35.

[10] *Id.* ¶ 11.

[11] 2005 UT 34, 114 P.3d 585.

[12] 2007 UT 61, 167 P.3d 1046.

[13] *State v. Menzies*, 889 P.2d 393, 398 (Utah 1994).

[14] 2005 UT 34, ¶¶ 14–20.

[15] 2016 UT 35, ¶ 14.

[16] UTAH CODE § 77-13-6(2)(b) (1989).

the thirty-day deadline, "the right [to withdraw a guilty plea] is extinguished."[17] "Although we later characterized this statement in *Abeyta* as dictum, we reaffirmed the principle in several cases and expressly held the thirty-day limit to be a procedural bar to plea withdrawals and appeals from guilty pleas."[18] In *Merrill*, we held that "[a]lthough the retroactive promotion of dictum to holding is a practice we do not endorse, we neither apologize for our assessments of the jurisdictional nature of the thirty-day filing period in *Abeyta* . . . nor retreat from what is clearly our holding in [later cases], all of which imposes a jurisdictional bar on late-filed motions to withdraw guilty pleas."[19] In *Gailey*, we reiterated this position, noting that the 2003 amendments to the Plea Withdrawal Statute strengthened our interpretation: "Although the 1989 version of the statute did not expressly provide that the right to withdraw a plea is extinguished after the thirty-day deadline, we inferred a procedural bar from its language and structure. Reliance on this inference is no longer necessary. The plain language of the current Plea Withdrawal Statute explicitly provides the procedural roadmap for post-sentencing motions to withdraw a plea—and that is through postconviction relief."[20]

¶19 *Rhinehart* relied on *Merrill*'s analysis to answer the defendant's challenge in that case that "the ineffectiveness of her trial counsel caused her to enter her plea and to fail to bring a timely motion to withdraw it."[21] Mr. Allgier's claim echoes that of the defendant's in *Rhinehart*, as does our answer—that "claims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by [the Plea Withdrawal Statute]. We therefore are without jurisdiction to consider [the defendant's] claim."[22]

¶20 Finally, Mr. Allgier points to two United States Supreme Court cases, *Lafler v. Cooper* and *Missouri v. Frye*, to argue that "the

---

[17] 852 P.2d 993, 995 (Utah 1993) (per curiam).

[18] *Gailey*, 2016 UT 35, ¶ 14.

[19] 2005 UT 34, ¶ 17.

[20] *Gailey*, 2016 UT 35, ¶ 18.

[21] *Rhinehart*, 2007 UT 61, ¶ 11.

[22] *Id.* ¶ 14.

Sixth Amendment's 'constitutional guarantee' of effective assistance 'applies to pretrial critical stages that are part of the whole course of a criminal proceeding,'" including the plea bargaining stage.[23] We recognize the significance of the plea bargaining stage, echoing the Supreme Court's observation that "[i]n today's criminal justice system . . . the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant."[24] And we recognize the importance of effective assistance of counsel at the plea bargaining stage. But neither *Lafler* nor *Frye* addressed the constitutionality of a jurisdictional bar to direct appeals or the need to pursue such claims through postconviction proceedings. In fact, both *Lafler* and *Frye* were appeals from postconviction proceedings.[25] And, like the defendants in *Lafler* and *Frye,* Mr. Allgier has the right to challenge his conviction under the PCRA, as well as the right to appeal from the final judgment of the postconviction proceeding in the district court.[26]

¶21 Mr. Allgier has not carried his substantial burden to persuade us that our precedent is not sufficiently weighty or supported, or that it works poorly. As we reaffirmed in *Gailey v. State*, our precedent that the Plea Withdrawal Statute imposes a jurisdictional bar is well established.

## II. The Plea Withdrawal Statute Does Not Violate Mr. Allgier's Constitutional Right to Appeal

¶22 Mr. Allgier next challenges the constitutionality of the Plea Withdrawal Statute under article I, section 12 of the Utah Constitution, which provides that "[i]n criminal prosecutions the accused shall have . . . the right to appeal in all cases." He argues that "[a]lthough this state guarantees an appeal 'in all cases,' [he] will not enjoy a right to a direct appeal if this court lacks jurisdiction to hear it." He further argues that, although he may still pursue his claims through the PCRA, "the PCRA does not provide protections equivalent to those available on direct appeal."

---

[23] Quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012).

[24] *Missouri v. Frye*, 566 U.S. 134, 144 (2012).

[25] *See Lafler*, 566 U.S. at 162; *Frye*, 566 U.S. at 139–40.

[26] *See Gailey*, 2016 UT 35, ¶ 25.

¶23 "The Plea Withdrawal Statute does not foreclose an appeal. It simply says that a defendant may not seek to 'withdraw a plea of guilty' [or no contest] at any time after a 'sentence is announced.'"[27] In other words, it "says only that a guilty plea may not be challenged further—either in the district court or on appeal—if it is not withdrawn prior to sentencing."[28] Therefore, "the Plea Withdrawal Statute does not, on its face, violate the constitutional right to appeal. It simply dictates the procedural mechanism for pursuing a claim; it does not altogether foreclose relief."[29] Accordingly, the Plea Withdrawal Statute does not abrogate the constitutional right to an appeal.[30] As in *Gailey*, Mr. Allgier had the right to a direct appeal. By failing to assert this right within the applicable time period he forfeited it.

¶24 Justice Durham concurs in the result and incorporates the reasoning in her separate opinion in *State v. Rettig*,[31] in which she argues that the Plea Withdrawal Statute is a jurisdictional bar and not a rule of preservation.[32] But as the *Rettig* majority explains, the two are not mutually exclusive.[33] To set them at odds with each other is to create a false dichotomy. Instead, they work together in the context of the Plea Withdrawal Statute.

¶25 The Plea Withdrawal Statute establishes two requirements for withdrawing a plea of guilty or no contest. First, a plea "may be withdrawn only upon . . . a showing that it was not knowingly and voluntarily made."[34] Second, a "request to withdraw a plea of guilty or no contest . . . shall be made by motion before sentence is

---

[27] *Gailey v. State*, 2016 UT 35, ¶ 34, 379 P.3d 1278 (Lee, A.C.J., concurring) (quoting UTAH CODE § 77-13-6(2)(b)).

[28] *Id.*

[29] *Id.* ¶ 23 (majority opinion).

[30] *See id.* ¶ 24.

[31] 2017 UT 83, --- P.3d ----.

[32] *Id.* ¶ 66 (Durham, J., concurring in result).

[33] *See id.* ¶¶ 26–27 (majority opinion) ("The standard set forth in the Plea Withdrawal Statute is *both* a rule of preservation and a jurisdictional bar on appellate consideration of matters not properly preserved.").

[34] UTAH CODE § 77-13-6(2)(a).

announced."[35] These requirements function as rules of preservation, which require that an issue be "presented to the trial court in such a way that the trial court has an opportunity to rule on that issue."[36] In other words, we look to whether an issue was specifically raised in the district court in a timely fashion and whether evidence or relevant legal authority was introduced to address the issue.[37] The Plea Withdrawal Statute requires a defendant to take each of these steps to withdraw a plea of guilty or no contest. A defendant must request a plea withdrawal in a timely fashion—before his or her sentence is announced. And he or she must file a request to withdraw the plea and must present evidence to support a finding that he or she did not enter the plea knowingly or voluntarily. If a defendant fails to take these steps to preserve the issue, he or she has "waived the right to raise a specific issue (the validity of [his or] her guilty plea) by not preserving the argument at the time required by the governing law."[38]

¶26 That the Plea Withdrawal Statute functions as a rule of preservation does not remove or replace the jurisdictional bar mandated by the statute. It does not allow defendants to work around the jurisdictional bar through the exceptions to preservation—plain error, exceptional circumstances, or ineffective assistance of counsel. We have read—and continue to read—the statute to foreclose these avenues for review.[39] As the majority states in *Rettig*, "the statute speaks directly and comprehensively to the result of failure to move to withdraw prior to sentencing."[40] "Any challenge to a guilty plea not made within the time period specified

---

[35] *Id.* § 77-13-6(2)(b).

[36] *Pratt v. Nelson*, 2007 UT 41, ¶ 15, 164 P.3d 366 (citation omitted).

[37] *See id.*

[38] *Gailey*, 2016 UT 35, ¶ 34 (Lee, A.C.J., concurring).

[39] *See State v. Rhinehart*, 2007 UT 61, ¶ 14, 167 P.3d 1046 (holding that "claims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by section 77-13-6 . . . . We are therefore without jurisdiction to consider [defendant's] claim."); *State v. Reyes*, 2002 UT 13, ¶ 4, 40 P.3d 630 (stating this court "cannot . . . use plain error to reach an issue over which it has no jurisdiction").

[40] *Rettig*, 2017 UT 83, ¶ 42.

in Subsection (2)(b) shall be pursued under [the] Postconviction Remedies Act . . . ."[41]

¶27 When Mr. Allgier entered his plea, he was informed that a request to withdraw his plea must be entered before sentencing. He failed to do so and accordingly waived his right to a direct appeal. Any claims Mr. Allgier may have with respect to ineffective assistance of counsel or whether his plea was knowingly and voluntarily made can be pursued under the PCRA. He also has the right to appeal rulings made on those claims. In fact, the PCRA has long been the remedy for these types of claims.[42]

**Conclusion**

¶28 The jurisdictional bar imposed by the Plea Withdrawal Statute is well established in our caselaw and does not deprive a defendant of his constitutional right to an appeal. Mr. Allgier forfeited his right to direct appeal, and we accordingly dismiss this appeal.

---

JUSTICE DURHAM, concurring in the result:

¶29 For the reasons set forth in my concurring opinion in *State v. Rettig*, 2017 UT 83, --- P.3d ---, I concur in the result of this opinion, but disagree with the route the majority takes to reach that result.

---

[41] UTAH CODE § 77-13-6(2)(c).

[42] *See, e.g.*, *Nicholls v. State*, 2009 UT 12, ¶¶ 15–33, 203 P.3d 976 (addressing postconviction claims of an unknowing or involuntary plea); *id.* ¶¶ 34–40 (addressing postconviction claims of ineffective assistance of trial counsel). *See also Rippey v. State*, 2014 UT App 240, ¶ 14, 337 P.3d 1071 (addressing the requirements to bring a PCRA claim that "trial counsel's alleged deficiencies rendered his plea unknowing or involuntary notwithstanding the waivers embodied in his plea agreement").