2018 UT App 168

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
STEPAN BADIKYAN,
Appellant.

Opinion
No. 20151098-CA
Filed August 30, 2018

Second District Court, Farmington Department
The Honorable David M. Connors
No. 141700828

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES JILL M. POHLMAN and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Defendant Stepan Badikyan appeals the district court's
denial of his motion to withdraw his guilty plea. We affirm.

BACKGROUND

¶2    At their home in late May 2014, Defendant used a box cutter to stab his wife (Victim) in the arm.[1] He then agreed to transport Victim to the hospital.

¶3    On the way, however, he changed course and told Victim that they were "both going to die" that day. When the vehicle stopped at an intersection, Victim fled from the car. Defendant chased Victim and tackled her to the ground. He proceeded to stab her in the side and cut her neck with the box cutter. Several citizens intervened to stop Defendant, holding him down until police took him into custody.

¶4    Following this incident, the State charged Defendant with attempted murder, tampering with evidence, and aggravated assault. Defendant initially entered not guilty pleas to all charges, but he eventually reached a resolution with the State pursuant to which Defendant agreed to plead guilty to attempted murder. In exchange for his plea, the State agreed to dismiss the remaining charges and agreed not to oppose a request that the sentencing court grant Defendant credit for the jail time he had already served.

¶5    An interpreter was present at the change-of-plea hearing and provided translation for Defendant. Defendant's counsel advised the court that Defendant "speaks very little English, and does not read English." In anticipation of Defendant's guilty plea, counsel for Defendant (Plea Counsel) prepared a

---

1. Because there was no preliminary hearing or trial in this case, we recite the facts related to the underlying criminal activity as alleged in the charging information and contained in Defendant's plea agreement submitted to the court at the change-of-plea hearing.

"statement of defendant in support of guilty plea" (the Plea Agreement), which contained information about the plea deal and the agreed-upon facts. The Plea Agreement was written in English and stated that "Defendant on or about May 29, 2014[,] in Davis County[,] Utah, did attempt to intentionally and knowingly cause the death of another. Furthermore[,] the defendant was a co-habitant of the victim." Plea Counsel asserted in open court that the interpreter "translated [the Plea Agreement] verbatim word-for-word" and stated that he had "every confidence in the interpreter." Plea Counsel also expressed confidence that Defendant understood the Plea Agreement.

¶6 The district court engaged in a colloquy with Defendant, who confirmed through an interpreter that he understood and agreed with the factual basis for the guilty plea. Defendant also acknowledged his waiver of important constitutional rights, that he was pleading guilty freely and voluntarily, and that he understood the charge and possible sentence. Plea Counsel then noted for the record that he had informed Defendant he was subject to an immigration hold, and counsel described for the court the inquiry he made to an immigration attorney regarding the charges in this case. At the conclusion of the change-of-plea hearing, the district court accepted Defendant's guilty plea, scheduled a sentencing hearing, and ordered the preparation of a pre-sentence investigation report.

¶7 Shortly after the change-of-plea hearing, Defendant sent a letter to the district court, pro se, requesting to "retract" his plea. The court forwarded the letter to the State and Plea Counsel, and the State filed a motion to strike the letter. At a subsequent hearing, the parties discussed Defendant's letter, and the court granted the motion to strike "to the extent [the letter] purports to be a motion for retraction of plea." The State requested that the district court appoint conflict counsel to represent Defendant, which the court granted. Through his new counsel (Conflict

Counsel), Defendant formally requested permission to withdraw his guilty plea, asserting that it was not "knowing and voluntary." Defendant argued that he would not have entered the plea if he had understood the true nature of the plea, if he had had proper interpretation at the change-of-plea hearing, and if he had not been coerced into pleading guilty by Plea Counsel.

¶8     The court held an evidentiary hearing to address Defendant's motion to withdraw his guilty plea, and at that hearing the court provided Defendant a different interpreter than the one present at the earlier change-of-plea hearing. Defendant testified that he had concerns regarding the translations given by the change-of-plea hearing interpreter. He stated that the interpreter had read the Plea Agreement, but that Defendant "couldn't understand everything." He later testified that the interpreter explained the meanings of words to him, "but there were times that [the interpreter] wouldn't get the time or opportunity to do it, maybe there were words that [the interpreter] wouldn't understand or he wouldn't say." When asked whether he was pressured by Plea Counsel to plead guilty, Defendant responded, "[N]ot really . . . pressure but like convincing me nicely." Defendant did not bring his alleged lack of understanding to the attention of Plea Counsel, the interpreter, or the court at the time.

¶9     Conflict Counsel asked whether Defendant would have entered the plea had he understood the immigration consequences, to which Defendant responded, "No, that's not the only reason. The other reason for withdrawal of guilty plea is the . . . charge three to life, which is for murder, and I'm not a murderer." Defendant acknowledged signing the Plea Agreement and confirmed for the court that he understood its terms. The interpreter who assisted at the change-of-plea hearing testified to his understanding of the court proceedings and the words used in the Plea Agreement, and that he had read and translated the Plea Agreement to Defendant word-for-word.

¶10 Plea Counsel testified that he visited Defendant in jail without an interpreter to address medical care and housing issues, but he retained an interpreter when addressing issues related to Defendant's case—the evidence, the plea, and the immigration consequences of a guilty plea. Plea Counsel also explained that, in the course of their discussions, Defendant informed him of his mental health issues including depression and anxiety. Plea Counsel had explored these mental health issues with Defendant.[2] Although explaining that he was not an immigration attorney, Plea Counsel also relayed to Defendant advice from an immigration attorney that pleading to any of the three charges may lead to deportation.

¶11 In addition to testimonial evidence taken at the hearing, the court listened to and considered the recording from the change-of-plea hearing, including the plea colloquy itself. And, after considering the evidence, the district court ruled that Defendant had failed to carry his burden of establishing that his guilty plea was not knowingly and voluntarily entered. This decision rested on four conclusions. First, the court determined that Plea Counsel provided "clear communication and advice" regarding immigration consequences. Second, Plea Counsel did not "oversell [the] proposed plea bargain," and did not "try to overcome the free will and the voluntariness of the decision to accept the plea bargain by [Defendant]." Third, with respect to the mental health impairment argument, the lawyers and

---

2. Conflict Counsel clarified in argument before the district court that Defendant "did not express that mental illness played a part in" the lack of a knowing and voluntary guilty plea. The district court accordingly limited its consideration of this evidence to determining whether, at the time he entered the guilty plea, Defendant was operating under some mental health-related impairment.

interpreters involved with the case "never suggested to the Court any lack of understanding [of the] proceedings or . . . ability to comprehend those proceedings or to interact appropriately with Counsel." And finally, despite Defendant's claims of inaccurate translations, "there were no specific instances given of particular inaccuracies of translation that influenced [Defendant's] decision" to plead guilty.

¶12 Subsequently, the district court issued its written findings and order denying the motion to withdraw the guilty plea and sentenced Defendant four days later. Defendant appeals.

ISSUES AND STANDARDS OF REVIEW

¶13 Defendant argues that the district court erroneously denied his motion to withdraw his guilty plea. We generally review the district court's resolution of a motion to withdraw a guilty plea for abuse of discretion, and review the district court's related findings of fact under the clearly erroneous standard. *State v. Beckstead*, 2006 UT 42, ¶ 7, 140 P.3d 1288. We "will not typically reach [an unpreserved issue] absent a valid exception to preservation." *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443. As we explain in section I, however, the plea withdrawal statute, Utah Code section 77-13-6 (the Plea Withdrawal Statute), forecloses our review of Defendant's unpreserved challenges to his guilty plea.

¶14 Defendant next argues for the first time on appeal that, in considering his motion to withdraw his plea, the district court improperly limited its review to the record of the change-of-plea hearing, violating his due process rights. "Constitutional issues, including questions regarding due process, are questions of law that we review for correctness." *Salt Lake City Corp. v. Jordan River Restoration Network*, 2012 UT 84, ¶ 47, 299 P.3d 990 (quotation simplified). "However, because these questions

require the application of facts in the record to the due process standard, we incorporate a clearly erroneous standard for the necessary subsidiary factual determinations." *Id.* (quotation simplified).

¶15    Defendant next maintains that he was deprived of the right to effective assistance of counsel by Conflict Counsel's failure to assert the proper standard applicable to withdrawal of a guilty plea. Specifically, Defendant asserts that Conflict Counsel "allowed the district court to unduly restrict its review of Defendant's [motion to withdraw the guilty plea] . . . thereby preclud[ing] consideration of matters outside the record of the [change-of-plea] hearing." "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Gardner*, 2018 UT App 126, ¶ 13 (quotation simplified).


ANALYSIS

I. Defendant's Unpreserved Challenge to his Guilty Plea

¶16    As an initial matter, we first must address an argument the State raised in responding to this appeal. The State contends that, under the facts of this case, this court lacks jurisdiction to address Defendant's challenges to his guilty plea pursuant to the Plea Withdrawal Statute. The State asserts that, although Defendant filed a timely motion to withdraw his guilty plea, he failed to assert the particular challenge he now asserts on appeal. Specifically, the State argues that this court does not have jurisdiction to consider Defendant's unpreserved legal theory that he did not understand the elements of attempted murder, which argument should have been asserted below in connection with his motion to withdraw his guilty plea. Whether appellate

jurisdiction exists is a question of law. *See State v. Allgier*, 2017 UT 84, ¶ 13, 416 P.3d 546.

¶17 Defendant asserted below, among other things, that his guilty plea was not knowingly and voluntarily made because "in discussions of the plea agreement with [Plea Counsel,] . . . [Defendant] did not fully understand the plea." *See supra* ¶ 7. Defendant explained that "he made the decision to plea[d guilty] without having a clear understanding of the facts. That lack of understanding was from the [interpreter's] misinterpreted statements as well as a lack of knowledge of the case." In contrast, Defendant's legal theory on appeal is that he did not understand the critical elements of attempted murder—the offense to which he was pleading guilty. *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976) (explaining that "[a] plea may be involuntary . . . [if the accused] has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt"(citation omitted)).

¶18 Generally, "[w]hen a party fails to raise and argue an issue in the district court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to preservation." *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443. Defendant concedes that he did not present his critical elements theory to the district court, but nevertheless seeks our review under the plain error exception to the preservation rule.[3] We conclude that the Plea Withdrawal Statute

---

3. In his reply brief, Defendant asserts without further discussion that the "the challenges set forth in Defendant's timely [motion to withdraw guilty plea] are essentially one and the same as those argued on appeal." This statement lacks legal and factual analysis and is therefore insufficient to carry his burden on appeal. *See* Utah R. App. P. 24(a)(8).

forecloses our review of this unpreserved theory, even under the plain error exception to preservation.

¶19 The Plea Withdrawal Statute sets forth the requirements with which a defendant must comply in order to withdraw a guilty plea. To properly request withdrawal of a guilty plea, a defendant must (1) demonstrate that the plea was not knowingly and voluntarily made, and (2) move to withdraw the plea prior to sentencing. Utah Code Ann. § 77-13-6(2)(a)–(b) (LexisNexis 2017); *see also Allgier*, 2017 UT 84, ¶ 25. The Utah Supreme Court recently explained that these two requirements "function as rules of preservation." *Allgier*, 2017 UT 84, ¶ 25; *State v. Rettig*, 2017 UT 83, ¶ 13, 416 P.3d 520; *see also Gailey v. State*, 2016 UT 35, ¶ 35, 379 P.3d 1278 (Lee, J., concurring) (explaining that rules of preservation require a party to "raise issues or arguments at specified times and by certain means"). A defendant who fails to meet the statutory requirements will be deemed to have waived the issue on appeal, and must instead pursue claims under the Post-Conviction Remedies Act (PCRA).[4] *See Rettig*, 2017 UT 83, ¶¶ 3, 17, 34, 47; Utah Code Ann. § 77-13-6(2)(c) (providing that "[a]ny challenge to a guilty plea not made [before the sentence is announced] shall be pursued under" the PCRA).

¶20 In *Allgier*, the defendant entered guilty and no contest pleas to various criminal charges, 2017 UT 84, ¶ 8, and moved to withdraw those pleas after sentencing, *id.* ¶¶ 10–11. The supreme court determined that the defendant "forfeited his right to direct appeal" by failing to file a timely motion to withdraw the guilty plea. *Id.* ¶ 28. In so concluding, the court explained that the Plea Withdrawal Statute "functions as a rule of preservation," but "does not allow defendants to work around

---

4. The PCRA is codified at Utah Code section 78B-9-101 to -405, and PCRA petitions are governed by rule 65C of the Utah Rules of Civil Procedure.

the jurisdictional bar through the exceptions to preservation—plain error, exceptional circumstances, or ineffective assistance of counsel." *Id.* ¶ 26.[5] Consequently, the Plea Withdrawal Statute is "'jurisdictional' in the sense of foreclosing" the common-law exceptions to preservation in plea-withdrawal appeals. *Rettig*, 2017 UT 83, ¶ 26.

¶21 Unlike in *Allgier* and *Rettig*, Defendant timely moved to withdraw his guilty plea before the district court imposed a sentence. *See* Utah Code Ann. § 77-13-6(2)(b). Further, the parties do not dispute that, by his motion, Defendant asserted that his guilty plea was not knowingly and voluntarily made. *See id.* § 77-13-6(2)(a). Generally speaking, because Defendant complied with the timing requirements of the Plea Withdrawal Statute, we are not without jurisdiction to consider the district court's denial of Defendant's motion to withdraw his guilty plea. Defendant's argument on appeal, however, does not challenge the district court's factual findings and legal conclusions. Instead, he asserts an entirely different ground for why he should have been allowed to withdraw his guilty plea, i.e., that he did not understand the critical elements of the attempted murder charge. The Plea Withdrawal Statute forecloses our review of these questions, however, even under the plain error exception to preservation.

¶22 Although the *Rettig* and *Allgier* cases are factually distinct from this case, the supreme court's interpretation of the Plea Withdrawal Statute in those cases is instructive. "The standard set forth in the Plea Withdrawal Statute is *both* a rule of

---

5. As in *Allgier*, the *Rettig* court concluded that it "lack[ed] appellate jurisdiction to address [Rettig's arguments on appeal] given that Rettig failed to preserve his claims by not withdrawing his guilty plea until after sentencing." *State v. Rettig*, 2017 UT 83, ¶ 11, 416 P.3d 520.

preservation and a jurisdictional bar on appellate consideration of matters not properly preserved." *Rettig*, 2017 UT 83, ¶ 27. Because Defendant failed to properly preserve his legal theory in the district court—that he did not understand the critical elements of the attempted murder charge—we cannot now consider this particular challenge on appeal. *See id.* ¶ 42. The effect of the Plea Withdrawal Statute in this situation is therefore "jurisdictional in the narrow sense of regulating the scope of [our] authority to address" the question presented to us. *Id.* ¶ 38 (quotation simplified).

## II. Defendant's Challenges to the Evidentiary Hearing

¶23 In addition, Defendant argues that the district court improperly limited its review during the evidentiary hearing on his motion to withdraw his guilty plea. Particularly, he asserts that the court limited its review to only the record of the change-of-plea hearing, which violated his right to due process. Relatedly, Defendant argues that he received constitutionally ineffective assistance of counsel because Conflict Counsel "allowed the district court to unduly restrict its review[,] . . . preclud[ing] consideration of matters outside the record of the plea review hearing." Defendant failed to preserve these issues below and asks us to review them under the common-law exceptions to preservation.

¶24 In the interest of clarity, we note briefly that these alleged procedural infirmities are not subject to the same preservation and waiver requirement we described in section I. *See supra* ¶¶ 16–22; *see also State v. Rettig*, 2017 UT 83, ¶ 34, 416 P.3d 520. These claims are challenges to the proceedings afforded Defendant at the subsequent evidentiary hearing, and are therefore not "challenge[s] to a guilty plea" itself. *See* Utah Code Ann. § 77-13-6(2)(c) (LexisNexis 2017). Accordingly, we do not review these claims under or through the framework of the Plea Withdrawal Statute. Rather, alleged procedural infirmities in the

plea withdrawal proceeding are matters that draw our attention to the fairness of the subsequent evidentiary hearing and to the actions or inactions of defense counsel at that hearing (rather than at the change of plea hearing). Success on these claims would result in Defendant receiving a new evidentiary hearing, and would not necessarily result in Defendant being allowed to withdraw his guilty plea. We accordingly consider these arguments as we would unpreserved procedural due process and ineffective assistance of counsel claims, subject to the common-law exceptions of plain error, ineffective assistance of counsel, and exceptional circumstances. *See State v. Johnson*, 2017 UT 76, ¶ 19, 416 P.3d 443.

¶25  As to Defendant's contention that the district court limited its review, this assertion is simply incorrect. The district court held an evidentiary hearing, during which it heard testimony from Defendant, Plea Counsel, and the original interpreter. The district court also listened to, and took into account, the audio record of the change-of-plea hearing, including the plea colloquy.

¶26  Defendant, contending that the district court limited its review to only the record of the plea colloquy, directs us to three lines in the 112-page transcript of the evidentiary hearing. At this point in the transcript, the district court, announcing its ruling, explained that it found no deficiencies in the district court's colloquy during the change-of-plea hearing that could support withdrawal of the plea. As noted, however, the court's brief summary regarding the colloquy follows extensive preliminary findings based upon testimony from three witnesses taken during that evidentiary hearing. Defendant has not pointed to, and we cannot discern, any limitation in the district court's review of Defendant's motion to withdraw his guilty plea.

¶27  There is no question that the district court based its findings and conclusions about the propriety of Defendant's plea

on more than just the record of the change-of-plea hearing. We see no merit in this argument and, accordingly, no error in the district court's review.

¶28 Defendant also asserts a related contention that he was deprived of the right to effective assistance of counsel at the plea withdrawal evidentiary hearing. He argues that Conflict Counsel performed deficiently by failing to assert the proper standard for the court's review of a motion to withdraw a guilty plea. Specifically, he contends that counsel "allowed the district court to unduly restrict its review[,] . . . preclud[ing] consideration of matters outside the record of the plea review hearing." Because we have already concluded that the district court did no such thing, any claim that counsel performed deficiently by failing to advise the court or object to the scope of the court's inquiry is without merit.

CONCLUSION

¶29 We affirm the district court's denial of Defendant's motion to withdraw his guilty plea. Defendant did not argue below that he did not understand the critical elements of the attempted murder charge, and the Plea Withdrawal Statute precludes our review of that claim. Defendant has not established that the court erred in reviewing his motion to withdraw his guilty plea or that he received ineffective assistance of counsel at his plea withdrawal evidentiary hearing.

_____