*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2020 UT 2**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

PAUL LAMBERT FLORA,
*Appellant.*

No. 20170241
Heard October 8, 2019
Filed January 30, 2020

On Certification from the Utah Court of Appeals

Fourth District, Nephi
The Honorable Anthony L. Howell
No. 161600073

Attorneys:

Sean D. Reyes, Att'y Gen., William M. Hains, Asst. Solic. Gen.,
Salt Lake City, for appellee

Douglas J. Thompson, Provo, for appellant

CHIEF JUSTICE DURRANT authored the opinion of the Court, in
which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1 Paul Lambert Flora pled guilty to felony DUI. Before
sentencing, he timely moved to withdraw his plea under Utah Code
section 77-13-6, the Plea Withdrawal Statute. After the district court
denied his motion, Mr. Flora appealed, raising two new
arguments under the plain-error and ineffective-assistance-
of-counsel exceptions to the preservation rule. The court of appeals
certified Mr. Flora's case to us for original appellate review after we

granted certiorari in the related case of *State v. Badikyan*.[1] As we do in *Badikyan*, we hold here that the Plea Withdrawal Statute prohibits us from considering Mr. Flora's unpreserved arguments.[2] In so doing, we clarify that defendants may not rely on our preservation exceptions when appealing the denial of a motion to withdraw a guilty plea.

**Background**

¶2   On May 16, 2016, a Nephi City police officer pulled Mr. Flora over after receiving a call about a disturbance at a nearby Flying J convenience store. According to the caller, Mr. Flora knocked over several cigarette ashtrays in front of the Flying J and then sped away in a red Ford Ranger with no license plates. After pulling Mr. Flora over, the officer noticed that Mr. Flora smelled of alcohol, slurred his words, and could not maintain his balance. The officer placed Mr. Flora under arrest.

¶3   Because Mr. Flora received two prior DUI convictions in the past ten years, the State charged him with felony DUI. It also charged him with disorderly conduct, public intoxication, failure to display license plates, and driving without a license. After appointing Mr. Flora a public defender, the district court held a preliminary hearing on June 14, 2016. Then, on November 10, 2016, Mr. Flora pled guilty to felony DUI and the State dropped the other charges.

¶4 Mr. Flora's initial public defender withdrew on December 29, 2016, after Juab County awarded its indigent-defense contract to a new law firm. He was appointed new counsel on January 4, 2017. On February 7, 2017, Mr. Flora moved to withdraw his guilty plea. He argued that his plea was not knowing and voluntary, because a mix-up with his court dates forced him to either plead guilty or go to trial and lose. The district court denied this motion on February 21, 2017, and sentenced Mr. Flora on February 28, 2017.

---

[1] 2020 UT 3, --- P.3d --. We issue *Badikyan* concurrently with this opinion.

[2] And because we cannot address Mr. Flora's ineffective-assistance-of-counsel claim, we deny his motion to remand under Utah Rule of Appellate Procedure 23B.

¶5    Mr. Flora now appeals the denial of his plea-withdrawal motion. On appeal, he asserts two new arguments that he did not present to the district court. Both arguments rest on the premise that his behavior throughout the proceedings should have alerted the district court and trial counsel to the possibility that he was not competent to plead guilty. For example, he asserts that in both his preliminary hearing and plea hearing, he made several statements that raise doubts about his competency. At his plea hearing, for instance, when the court asked him if he had reviewed his plea agreement, Mr. Flora responded by saying:

> Yeah. You know, I—yeah, I don't feel like the 0.08 fits everybody. Some people know how to drink, some people don't . . . I actually read a chunk of this book last night where one of the people that—these guys that bend all the telescopes to understand astronomy and physics, the way we look at the universe now. And the one guy said kind of a whiskey that he's always packing around with him. Just those kind of people.

He also stated that he "woke up with a brain injury on January 21st 2015, homeless and unemployed due to that event."

¶6    Additionally, following Mr. Flora's plea, the district court ordered a presentence report from Adult Probation and Parole (AP&P). This report also contained several strange statements. For example, Mr. Flora began his presentence packet by writing, "None of your psychological wisdom can Trump mine." And when asked to write a brief history of his life for the report, Mr. Flora wrote, "I've never lived in or grown in a permanent location. There are about 500 contacts on my phone, including the White House, FBI, Attorney General, and businesses that I don't have to look up ever again." An AP&P investigator also noted in the report that Mr. Flora "struggled to track [their] conversation" and recommended that Mr. Flora obtain a mental health evaluation.

¶7    Given this behavior, Mr. Flora argues that instead of denying his plea-withdrawal motion, the district court should have *sua sponte* ordered a competency hearing, and that its failure to do so constitutes plain error. He also argues that his attorneys at the

district-court level provided ineffective assistance because they, too, knew about his behavior and did not investigate his competency.[3]

¶8    The parties briefed and argued this matter before the court of appeals, which then certified the matter to us under Utah Code section 78A-4-103(3) and rule 43 of the Utah Rules of Appellate Procedure. Along with his appeal, Mr. Flora filed a motion under rule 23B of the Utah Rules of Appellate Procedure to remand his case to the district court for findings necessary to determine ineffective assistance of counsel. We have jurisdiction under Utah Code section 78A-3-102(3)(b).

**Standard of Review**

¶9    Under the doctrine of preservation, "[w]hen a party fails to raise and argue an issue in the trial court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to preservation."[4] "This court has recognized three distinct exceptions to preservation: plain error, ineffective assistance of counsel, and exceptional circumstances."[5] A party seeking review of an unpreserved issue "must establish the applicability of one of these exceptions to persuade an appellate court to reach that issue."[6]

¶10 Because Mr. Flora did not raise his competency-related arguments in the district court, he asks us to reach them under the plain-error    and    ineffective-assistance-of-counsel    preservation

---

[3] But some of Mr. Flora's behavior appears to confirm his competency. During his plea hearing, for instance, when the court asked if he was "currently being treated for any mental or physical condition that would affect [his] ability to enter a voluntary plea," Mr. Flora simply responded, "No." The court also twice asked Mr. Flora whether he understood he was waiving his constitutional rights by pleading guilty. The first time the court asked this question, Mr. Flora responded, "Yeah. I don't think it's right, but I understand that's what it is." The second time the court asked this question, Mr. Flora simply stated, "Yes." Finally, when the court asked Mr. Flora whether he was "entering [his] plea of no contest voluntarily," he answered, "Yes."

[4] *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443.

[5] *Id.* ¶ 19.

[6] *Id.*

exceptions. To establish plain error, a defendant must show (1) "an error exists," (2) "the error should have been obvious to the trial court," and (3) "the error is harmful."[7] And to establish ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was objectively deficient" and (2) "a reasonable probability exists that but for the deficient conduct defendant would have obtained a more favorable outcome at trial."[8]

¶11 But as we explain below, Mr. Flora cannot invoke these exceptions when appealing the denial of a motion to withdraw a guilty plea. The Plea Withdrawal Statute has its own preservation rule that is separate from the common-law preservation rule, and to which our recognized exceptions do not apply.

**Analysis**

¶12 The Plea Withdrawal Statute allows defendants to withdraw a guilty plea only if they (1) show that their plea "was not knowingly and voluntarily made" and (2) make this showing "by motion before sentence is announced."[9] "Any challenge" to a guilty plea that does not meet these requirements must be pursued under the Post-Conviction Remedies Act (PCRA).[10] In *State v. Rettig* and *State v. Allgier*, we held that these requirements create a rule of preservation that is distinct from our traditional preservation doctrine.[11] And in *Rettig*, we also held that this statute-based rule is not subject to the recognized preservation exceptions, which are grounded in the common law.[12] Consequently, we concluded that the defendants in those cases—who both failed to comply with the Plea Withdrawal Statute because they moved to withdraw their pleas *after* sentencing—could not bring unpreserved claims based on the ineffective-assistance-of-counsel exception.[13]

---

[7] *State v. Munguia*, 2011 UT 5, ¶ 12, 253 P.3d 1082 (quoting *State v. Holgate*, 2000 UT 74, ¶ 13, 10 P.3d 346).

[8] *Id.* ¶ 13 (quoting *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162).

[9] UTAH CODE § 77-13-6(2)(a)–(b).

[10] *Id.* § 77-13-6(2)(c).

[11] 2017 UT 83, ¶ 44, 416 P.3d 520; 2017 UT 84, ¶ 25, 416 P.3d 546.

[12] *Rettig*, 2017 UT 83, ¶ 34.

[13] *Allgier*, 2017 UT 84, ¶ 27; *Rettig*, 2017 UT 83, ¶ 11.

¶13   Mr. Flora argues that *Rettig* and *Allgier* are inapplicable to his case because he complied with the statute and made his plea-withdrawal request before sentencing. He claims that "[n]othing in this [c]ourt's opinions, or in the language of the statute, even remotely suggests that the [statute's] preservation requirement goes beyond the need to preserve a challenge to the validity of the guilty plea." To the contrary, our *Rettig* and *Allgier* opinions and the Plea Withdrawal Statute's plain language both indicate that defendants may not raise unpreserved claims when appealing the denial of a motion to withdraw a guilty plea—even if they filed their motion before sentencing. *Rettig* and *Allgier* strongly indicate that common-law preservation exceptions do not apply to the Plea Withdrawal Statute's preservation rule, regardless of whether a defendant moves to withdraw before or after sentencing. But even assuming those cases are distinguishable from Mr. Flora's, the Plea Withdrawal Statute's plain language would still bar his unpreserved claims.

## I. Our Common-Law Preservation Exceptions Do Not Apply to the Plea Withdrawal Statute's Distinct Preservation Rule

¶14 Mr. Flora argues that defendants who move to withdraw their pleas before sentencing can raise unpreserved claims on appeal if those claims fall within a common-law preservation exception. When Mr. Flora appealed the district court's denial of his timely motion to withdraw, he raised two new challenges to his plea under the plain-error and ineffective-assistance-of-counsel exceptions. He argues that the Plea Withdrawal Statute's preservation rule does not prohibit him from raising these challenges, because he satisfied the rule by moving to withdraw before sentencing. But according to our decisions in *Rettig* and *Allgier*, the statute's preservation rule bars appellate review of all unpreserved claims, even where a defendant has raised other claims in a timely plea-withdrawal motion.

¶15 For nearly two decades, we have held that the Plea Withdrawal Statute "imposes a procedural bar" on a defendant's ability to appeal the denial of a motion to withdraw a guilty plea made after sentencing.[14] We clarified in *Allgier* that the statute "does

---

[14] *See Gailey v. State*, 2016 UT 35, ¶¶ 14–16, 379 P.3d 1278 ("Our cases interpreting the 2003 version of the Plea Withdrawal Statute have reaffirmed the principle that this statute imposes a procedural bar."); *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344 ("[F]ailure to withdraw a guilty plea within the time frame dictated by [the Plea

(Continued)

not allow defendants to work around [this procedural bar] through the exceptions to preservation."[15] And in *Rettig*, we further explained that the statute "establishes a standard of preservation" and "imposes a strict sanction of waiver that is not subject to any common-law exceptions."[16] In other words, under *Rettig* and *Allgier*, the Plea Withdrawal Statute's preservation rule bars appellate courts from considering any new issues raised on appeal of a motion to withdraw made after sentencing.

¶16 Mr. Flora argues that he satisfied the statute's preservation rule because he moved to withdraw before sentencing. He claims this "completely distinguishes" his case from *Rettig* and *Allgier*, and allows him to raise new claims on appeal based on our recognized preservation exceptions. According to Mr. Flora, defendants need not preserve individual challenges based on plain error, exceptional circumstances, or ineffective assistance of counsel as long as they preserve the overall challenge that their plea was not knowing and voluntary, which they do by moving to withdraw "before sentence is announced."[17]

¶17 This argument is inconsistent with our preservation doctrine. In order to "properly preserve an issue at the district court, the following must take place: (1) the issue must be raised in a timely fashion; (2) the issue *must be specifically raised*; and (3) a party must

---

Withdrawal Statute] deprives the trial court and appellate courts of jurisdiction to review the validity of the plea."); *Grimmett v. State*, 2007 UT 11, ¶ 25, 152 P.3d 306 ("Because Grimmett's motion to withdraw was untimely . . .[,] we have no jurisdiction to consider his challenge to the validity of his guilty pleas."); *State v. Reyes*, 2002 UT 13, ¶ 3, 40 P.3d 630 ("[B]ecause Reyes did not move to withdraw his guilty plea within thirty days after the entry of the plea [as required by the 1999 Plea Withdrawal Statute], we lack jurisdiction to address the issue on appeal."); *State v. Ostler*, 2001 UT 68, ¶ 13, 31 P.3d 528 (explaining that the district court may not review a plea when a defendant does not file a motion to withdraw within the thirty-day deadline imposed by the 1999 Plea Withdrawal Statute) *superseded by statute*, 2003 Utah Laws 1321, *as recognized in Gailey*, 2016 UT 35, ¶¶ 14–15.

[15] 2017 UT 84, ¶ 26; *see also Rettig*, 2017 UT 83, ¶ 42.

[16] 2017 UT 83, ¶ 34.

[17] UTAH CODE § 77-13-6(2)(b).

introduce supporting evidence or relevant legal authority."[18] In other words, preservation occurs on an issue-by-issue or claim-by-claim basis.[19] So contrary to Mr. Flora's assertions, defendants satisfy the Plea Withdrawal Statute's preservation rule only when they present a specific issue to the district court and give the court "an opportunity to rule on that issue."[20]

¶18 Mr. Flora's unpreserved claims center on whether the district court and his attorneys failed to recognize his alleged incompetency. He did not present these claims to the district court. The only claim he presented to the district court was that he was "more or less forced" to plead guilty due to a "mix-up" with his court dates. So, on appeal, he may raise only new or controlling legal authority "that directly bears upon" this alleged mix-up.[21] But raising this issue—which has nothing to do with competency—did not preserve the plain-error and ineffective-assistance-of-counsel challenges Mr. Flora now brings for the first time on appeal. And while he could likely raise these challenges under the common-law preservation rule, the Plea Withdrawal Statute's preservation rule bars him from doing so here.

¶19 In sum, the fact that Mr. Flora moved to withdraw his plea before sentencing does not meaningfully distinguish his case from *Rettig* and *Allgier.* Indeed, much like the defendants in those cases, Mr. Flora failed to present to the district court any arguments related to the unpreserved challenges he now raises on appeal. And this

---

[18] *O'Dea v. Olea*, 2009 UT 46, ¶ 18, 217 P.3d 704 (emphasis added) (citation and internal quotation marks omitted).

[19] *See State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 ("When a party fails to raise and argue an *issue* in the trial court, it has failed to preserve the *issue,* and an appellate court will not typically reach that issue absent a valid exception to preservation." (emphases added); *see also id.* ¶ 14, n.2 (explaining that, while "we view *issues* narrowly," "new *arguments,* when brought under a properly preserved issue or theory, do not require an exception to preservation" so long as they are limited to "new authority or cases supporting an issue that was properly preserved.").

[20] *Allgier*, 2017 UT 84, ¶ 25 (quoting *Pratt v. Nelson*, 2007 UT 41, ¶ 15, 164 P.3d 366).

[21] *Patterson v. Patterson*, 2011 UT 68, ¶ 18, 266 P.3d 828.

failure means that he—just like the *Rettig* and *Allgier* defendants—cannot now bring these challenges, regardless of their basis in our recognized preservation exceptions. Our analysis of the Plea Withdrawal Statute in *Rettig* and *Allgier* strongly indicates that the statute's unique preservation rule is never subject to the common-law preservation exceptions, regardless of whether a defendant files a plea-withdrawal motion before or after sentencing.[22] And the statute's plain language confirms this conclusion.

## II. The Plea Withdrawal Statute's Plain Language Requires Mr. Flora to Pursue His Unpreserved Claims Under the PCRA

¶20 The Plea Withdrawal Statute's plain language also bars Mr. Flora's unpreserved claims. Subsection (2)(b) of the statute states that defendants "shall" make a "request to withdraw a plea of guilty . . . by motion before sentence is announced."[23] And subsection (2)(c) mandates that "[a]ny challenge to a guilty plea not made" before sentencing "shall be pursued" under the PCRA.[24]

¶21 When conducting statutory interpretation, we focus on the statute's plain language because it is the "best evidence" of the legislature's intent.[25] We also "presume that the legislature used each word advisedly and read each term according to its ordinary and accepted meaning."[26] We likewise presume that "the expression of one [term] should be interpreted as the exclusion of another."[27] And we "give effect to every word of a statute, avoiding '[a]ny interpretation which renders parts or words in a statute inoperative or superfluous.'"[28]

---

[22] *See also State v. Badikyan*, 2020 UT 3, ¶¶ 16–23, -- P.3d -- (arriving at the same conclusion through nearly identical reasoning).

[23] UTAH CODE § 77-13-6(2)(b).

[24] *Id.* § 77-13-6(2)(c).

[25] *State v. Stewart*, 2018 UT 24, ¶ 12, 438 P.3d 515 (citation and internal quotation marks omitted).

[26] *Id.* (citation and internal quotation marks omitted).

[27] *In re Gestational Agreement*, 2019 UT 40, ¶ 19 (alteration in original) (citation omitted).

[28] *Stewart*, 2018 UT 24, ¶ 12 (citation omitted).

¶22 The State argues that the phrase "[a]ny challenge" in subsection (2)(c) "necessarily refers to the specific legal ground[s] . . . upon which a defendant attacks the legality" of his or her plea. And they claim that, by modifying "challenge" with the adjective "any," "the legislature necessarily recognized that a defendant might raise any number" of specific plea challenges. So, according to the State, simply filing a timely plea-withdrawal motion does not preserve all of a defendant's potential plea challenges. Rather, it preserves only those challenges specifically raised in the motion.

¶23 We agree with the State. We read the statute as using "any challenge" in subsection (2)(c) to the exclusion of the phrase "request to withdraw" in subsection (2)(b). Accordingly, we conclude that "any challenge" refers to the specific legal grounds raised within a defendant's plea-withdrawal request. This is the interpretation most consistent with our principles of statutory construction, as it gives distinct effect to the phrases "request to withdraw" and "any challenge." Had the legislature intended "any challenge" to refer to a defendant's motion to withdraw in its entirety, it would have repeated the term "request to withdraw" in subsection (2)(c) or said "any such request." But it did not. Under the current interpretation, subsection (2)(c) requires defendants who did not present a specific challenge to the district court to pursue that challenge under the PCRA.

¶24 Mr. Flora argues that under this interpretation some claims "cannot be appealed at all"—a result that should give us "pause about the adequacy of [defendants'] constitutional right to appeal." He argues he cannot meaningfully pursue his unpreserved arguments under the PCRA, because the PCRA prohibits granting relief "upon any ground that . . . could have been but was not raised at trial or on appeal."[29] And because his alleged incompetency could have been but was not raised in his plea-withdrawal motion, he argues that he cannot invoke it as a basis for relief under the PCRA. So according to Mr. Flora, if the issue of his competency cannot be raised under the common-law preservation exceptions, it "cannot be raised at all."

¶25 We disagree with Mr. Flora for three reasons. First, it is not true that requiring strict compliance with subsection (2)(b) of the

---

[29] UTAH CODE § 78B-9-106(1)(c).

Plea Withdrawal Statute will prevent the appeal of certain claims. Nothing in the statute, or in *Rettig* and *Allgier* for that matter, prevents defendants from appealing claims of incompetency or any other issue as long as they include these claims in their initial plea-withdrawal motions. Second, if a defendant fails to include a claim due to ineffective assistance of counsel, as Mr. Flora alleges happened here, the PCRA will not necessarily prevent him or her from seeking relief.[30]

¶26 Finally, the obstacles Mr. Flora describes already exist for defendants who miss the Plea Withdrawal Statute's deadline and move to withdraw their pleas after sentencing. Bearing this in mind, we see no principled reason why the common-law preservation exceptions should apply to unpreserved challenges raised on appeal of plea-withdrawal motions filed before sentencing, but not to challenges raised on appeal of motions filed after sentencing. The Plea Withdrawal Statute precludes both types of arguments because they are made after "sentence is announced."[31] And as we acknowledged in *Rettig*, the statute "speaks directly and comprehensively" to the consequence of a defendant's failure to raise a plea challenge before sentencing—he or she must pursue such a challenge under the PCRA.[32] We therefore hold that the Plea Withdrawal Statute's plain language prohibits appellate courts from hearing any claim raised for the first time on appeal of the denial of a plea-withdrawal request—even if the defendant made the request before sentencing.[33]

## Conclusion

¶27 Mr. Flora did not raise the issue of his competency with the district court. As a result, the Plea Withdrawal Statute's plain language requires him to pursue this issue under the PCRA. And while Mr. Flora's competency-related arguments are based on our common-law preservation exceptions, *Rettig* and *Allgier* strongly

---

[30] *See id.* § 78B-9-106(3)(a) (explaining that "a person may be eligible for relief [under the PCRA] on a basis that the ground could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel").

[31] *Id.* § 77-13-6(2)(b).

[32] 2017 UT 83, ¶ 42.

[33] *See also State v. Badikyan*, 2020 UT 3, ¶¶ 24–33, --- P.3d ---.

indicates that these exceptions do not apply to the Plea Withdrawal Statute's distinct preservation rule. Because the statute prevents us from considering Mr. Flora's unpreserved arguments, we dismiss his appeal and deny his motion to remand under rule 23B.

————————