2022 UT App 25

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
KENNETH GERALD ROACH,
Appellant.

Per Curiam Opinion
No. 20210495-CA
Filed February 25, 2022

Fourth District Court, Provo Department
The Honorable Christine S. Johnson
No. 211400550

Douglas J. Thompson, Attorney for Appellant

Sean D. Reyes and Emily Sopp, Attorneys
for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER,
DAVID N. MORTENSEN, and RYAN M. HARRIS.

PER CURIAM:

¶1    Kenneth Gerald Roach appeals his conviction for possession of a dangerous weapon by a restricted person. Roach claims that the district court erred when it denied his motion to quash the bind over based upon its conclusion that a conviction for domestic violence assault against a roommate made him a Category II restricted person under Utah Code section 76-10-503.[1] Alternatively, Roach contends that the evidence was insufficient to establish a factual basis for a determination that

---

1. Utah Code section 76-10-503 was amended in 2021 to modify language applicable to juvenile adjudications. This decision cites to the 2017 version applicable to this case.

Roach was a restricted person. The State concedes that the district court erred in denying Roach's motion to quash the bind over and asks this court to reverse the challenged conviction. We reverse.

BACKGROUND

¶2     In January 2019, Roach pleaded no contest to a charge of domestic violence assault, a class A misdemeanor. The charging document in that case stated that the victim was Roach's "roommate" and was a "cohabitant as defined under Section 30-6-1, Utah Code Annotated." No other information about the relationship between Roach and his roommate was provided in either the charging document for the 2019 case or at the plea hearing.

¶3     In March 2021, Roach was arrested for shoplifting. He resisted arrest, threatened the police officer, and was in possession of a knife. The State charged Roach with assault against a peace officer (Count 1), possession of a dangerous weapon by a restricted person (Count 2), retail theft (Count 3), and interference with arresting officer (Count 4).

¶4     At the preliminary hearing, the magistrate took judicial notice of the 2019 domestic violence assault conviction and noted that it is "the DV tag which makes [Roach] a restricted person." The magistrate ruled that, under Utah Code section 76-10-503(1)(b), a Category II restricted person is "defined as an individual who, among other things, has been convicted of . . . assault or aggravated assault . . . with the DV tag. So based on the statutory definition of a restricted person under 76-10-503, [Roach] would meet that definition." No other information was provided at the preliminary hearing about the factual basis for the previous conviction or the nature of Roach's relationship with the roommate whom he assaulted in the 2019 case.

¶5 Roach moved to quash the bind over on Count 2—possession of a dangerous weapon by a restricted person. Roach argued that the magistrate erroneously found that his previous domestic violence assault against a roommate, standing alone, made him a restricted person. Roach claimed that section 76-10-503(b) "applies to a very specific category of domestic violence offenses," and that an assault against a roommate does not, without more, satisfy the categories specified in the statute. In opposing the motion to quash, the prosecutor essentially argued that any assault conviction involving a cohabitant would make Roach a Category II restricted person.

¶6 Roach did not dispute that the roommate had been his cohabitant but argued that what was in dispute was whether the roommate fell within the class of specifically enumerated people in the statute. Roach argued that the 2019 assault was not against a spouse, parent, or guardian "or against an individual similarly situated to a spouse, parent or guardian of the restricted person." Roach argued that the statutory definition was "far more narrow that just being a cohabitant."

¶7 The district court declined to quash the bind over on Count 2, siding with the State and determining that section 76-10-503(b)(ix) applied because the roommate in the 2019 case had been a cohabitant.

¶8 Roach was found guilty on all charges, including Count 2—possession of a dangerous weapon by a restricted person. Only the conviction on Count 2 is challenged in this appeal.

STANDARD OF REVIEW

¶9 "The decision to bind over a criminal defendant for trial typically presents a mixed question of law and fact to which we grant some deference to the magistrate." *State v. Redden*, 2022 UT App 14, ¶ 10. But if the bind over decision turned on a question

of statutory interpretation, we review it for correctness. *See id.* "When we interpret a statute, we look first to the best evidence of a statute's meaning, the plain language of the act, and we do not look beyond a statute's plain language unless it is ambiguous." *Id.* ¶ 13 (cleaned up). "Wherever possible, we give effect to every word of a statute, avoiding any interpretation which renders parts or words in a statute inoperative or superfluous." *State v. Stewart*, 2018 UT 24, ¶ 12, 438 P.3d 515 (cleaned up).

## ANALYSIS

¶10     Utah Code section 76-10-503(1)(b)(xi) defines a "Category II restricted person" as one who

> has been convicted of the commission or attempted commission of assault under Section 76-5-102 or aggravated assault under Section 76-5-103 against a current or former spouse, parent, guardian, individual with whom the restricted person shares a child in common, individual who is cohabitating or has cohabitated with the restricted person as a spouse, parent, or guardian, or against an individual similarly situated to a spouse, parent, or guardian of the restricted person.

Utah Code Ann. § 76-10-503(1)(b)(xi) (LexisNexis 2017).

¶11     In the district court, there was no dispute that in 2019, Roach pleaded no contest to a charge of domestic violence assault against a cohabitant, who in that case was his roommate. The certified record of that conviction was entered into evidence at the preliminary hearing and the magistrate took judicial notice of the conviction. There was no additional information from any source about the nature of the relationship between Roach and his former roommate. The prosecutor in the district court argued

that any conviction for assault against a cohabitant was necessarily a conviction that made Roach a restricted person who may not possess a dangerous weapon. The State—now represented by the Utah Attorney General's Office—does not support that position. We agree with the parties.

¶12 The magistrate and the district court in Roach's case erroneously concluded that *any* domestic violence assault of a cohabitant made Roach a restricted person under section 76-10-503(b)(xi). An appropriate analysis of the statutory language required the magistrate and district court to determine not only that the previous assault conviction involved a cohabitant but also whether that cohabitant fit within the additional statutory language "as a spouse, parent, or guardian" of the restricted person or as someone "similarly situated" to one of those persons. *See id.* In addition, the record before the magistrate (and before the district court in connection with the motion to quash) contained no information about Roach's prior domestic violence conviction other than it was an assault against a roommate. There was no evidence presented in this case to support that Roach and the roommate had a relationship similar to that of a spouse, parent or guardian of the restricted person. The State now acknowledges that, "[i]n fact, there is no evidence of any kind about the type of relationship [Roach] and his roommate shared." The State therefore agrees with Roach that the district court erroneously concluded, on the record before it, that the prior assault conviction made Roach a Category II restricted person.

CONCLUSION

¶13 Accordingly, we reverse Roach's conviction on Count 2—possession of a weapon by a restricted person. The convictions on the remaining counts remain in effect.

———