**2025 UT App 196**

# THE UTAH COURT OF APPEALS

JERRY GALLEGOS,
Appellee,
*v.*
ONE COMMERCE STREET, LLC,
Appellant.

Opinion
No. 20240180-CA
Filed December 26, 2025

Second District Court, Ogden Department
The Honorable Craig Hall
The Honorable Reuben J. Renstrom
No. 200902686

T. Jake Hinkins, Attorney for Appellant

Robert W. Gibbons and Lindy W. Hamilton,
Attorneys for Appellee

JUDGE AMY J. OLIVER authored this Opinion, in which
JUDGES GREGORY K. ORME and RYAN M. HARRIS concurred.

OLIVER, Judge:

¶1     Jerry Gallegos suffered injuries to his shoulder when an employee removed him from the premises of a bar. Gallegos later sued the bar's landlord, One Commerce Street, LLC (OCS), and others, seeking to recover damages for his injuries. Legal counsel for OCS withdrew not long after the litigation began. Despite receiving a notice to appoint new counsel, OCS remained unrepresented and failed to participate in the litigation for more than three years. As a result, the district court entered default judgment against OCS as a sanction under rule 16(d) of the Utah Rules of Civil Procedure. OCS then obtained new counsel, who represented it at the hearing to determine the amount of damages owed by OCS. After the hearing, the court awarded Gallegos

$488,631.85. OCS appeals both the entry of the default judgment and the amount of damages awarded. We affirm the district court on both issues.

BACKGROUND

¶2    Gallegos went to Brewski's on Historic 25th Street (Brewski's), a local bar, in early January 2019. A bouncer physically removed Gallegos from the bar. In the process, Gallegos landed on his right shoulder and was injured.

¶3    On May 7, 2020, Gallegos filed a complaint against OCS, Brewski's, and Harwood Properties, LLC (Harwood). He alleged his injuries were the result of negligence and he asserted various theories of vicarious and independent liability against the defendants.

¶4    OCS initially participated in the litigation, filing an answer on July 15, 2020. However, on September 30, 2020, OCS's counsel filed a notice of withdrawal. On October 16, 2020, Gallegos sent OCS a notice stating that OCS needed to appoint new counsel within twenty-one days (the Notice).[1] The Notice also clearly communicated that OCS remained a party to the litigation despite the withdrawal of its counsel.

¶5    For the next three years, OCS did not participate in the litigation in any way. It did not appoint new counsel, appear at any hearings, or file any documents with the court. After Brewski's obtained summary judgment on all claims against it on July 10, 2023, OCS was the only remaining defendant in the case.[2]

---

1. Because OCS is a corporate entity, it could not represent itself in these proceedings and was required to appoint new counsel to represent it in the litigation. *See Globe Contracting LLC v. Hour*, 2025 UT App 98, ¶ 12 n.3, 575 P.3d 235.

2. Gallegos had dismissed his claims against Harwood.

At a hearing on September 6, 2023, to determine whether trial should proceed against OCS, OCS still failed to appear. The district court suggested that if Gallegos did not want to proceed to trial against OCS, he could dismiss his claims. Gallegos informed the court that he hoped to collect against OCS and therefore did not want OCS to be dismissed from the lawsuit. At this hearing, the district court also suggested that if OCS did not appear at the November trial, default judgment would be appropriate. At a hearing on October 11, 2023, where OCS once again failed to appear, Gallegos and the district court agreed it was not necessary to wait until trial to enter default judgment against OCS for its lack of participation.

¶6      On October 30, 2023, the district court struck OCS's answer and entered default judgment against it as a sanction for violation of rule 16(d) of the Utah Rules of Civil Procedure (the Order). The court made multiple findings in support of the entry of sanctions, including that OCS had not "participated in any way with this litigation" in over three years, OCS had not attended any hearing "since at least September 2020," and OCS failed to make a single filing, all despite having been provided notice of 382 case filings. Additionally, the court found it was "confident [OCS's] former attorneys informed [OCS] that, although [its] lawyers were withdrawing, such action does not dismiss [OCS] from the case," and the Notice provided clear information communicating that OCS remained a party in the case. The court then found OCS's behavior "constitut[ed] willfulness [and] bad faith, and that such behavior is a persistent dilatory tactic that frustrated the judicial process." The court concluded that "no lesser sanction would cure the issues" or "would change [OCS's] conduct as it relate[d] to litigating this case." The district court left the amount of damages to be determined at a future evidentiary hearing.

¶7      Shortly after entry of the Order, new counsel for OCS entered an appearance before the court. Following the evidentiary hearing on damages, at which counsel for OCS appeared and

participated, the court entered final judgment awarding Gallegos $488,631.85.[3]

ISSUES AND STANDARDS OF REVIEW

¶8      OCS challenges the entry of the default judgment, arguing the district court should not have imposed default judgment as a sanction.[4] "We review a court's decision whether or not to sanction a party under rule 16(d), as well as the selection of an appropriate sanction, for abuse of discretion." *Coroles v. State*, 2015 UT 48, ¶ 20, 349 P.3d 739.

¶9      OCS also challenges the amount of the damages award. For the reasons detailed below, we decline to address OCS's specific argument for lack of preservation. *See State v. Chavez-Espinoza*, 2008 UT App 191, ¶ 7, 186 P.3d 1023 ("A claim will generally not be reviewed on appeal unless it is properly preserved in the [district] court."); *see also* Utah R. App. P. 24(a)(5)(B).

ANALYSIS

I. Default Judgment

¶10     OCS argues the district court abused its discretion by entering default judgment as a sanction for OCS's lack of participation in the litigation where OCS did not fail to comply

---

3. OCS later filed a motion to set aside the default judgment pursuant to rule 60(b) of the Utah Rules of Civil Procedure, which the district court denied. OCS does not appeal that denial.

4. In challenging the entry of default judgment, OCS does not assert that it lacked notice of the district court's intention to consider sanctions for OCS's lack of participation in the litigation.

with a court order and did not act willfully or in bad faith.[5] To support its argument, OCS cites cases involving the imposition of sanctions for discovery violations under rule 37 of the Utah Rules of Civil Procedure. *See Kilpatrick v. Bullough Abatement Inc.*, 2008 UT 82, ¶ 22, 199 P.3d 957; *Morton v. Continental Baking Co.*, 938 P.2d 271, 274 (Utah 1997). But the district court did not impose discovery sanctions for failure to comply with a court order. Instead, the district court imposed sanctions under rule 16(d), which allows the court to impose sanctions when "a party . . . fails to attend a conference . . . or . . . fails to participate in good faith." Utah R. Civ. P. 16(d).

¶11    Here, the district court found that OCS failed to participate in the litigation, had not attended a hearing in over three years, and did so willfully and in bad faith. *See supra* ¶ 6. Reviewing the record before the district court at the time the sanctions were entered, we conclude that it supports the factual findings made in the Order. OCS initially participated in the litigation, including filing an answer. But after its counsel withdrew and OCS was provided with the Notice, it did nothing. And it continued to do nothing for the next three years, despite being provided with notices of nearly 400 filings in the case. In the face of such utter failure to participate in the litigation, we see no abuse of discretion by the district court in imposing sanctions against OCS.

¶12    We now turn to the appropriateness of the sanction selected by the district court: striking OCS's answer and entering

---

5. OCS relies upon evidence it submitted in support of its rule 60(b) motion to argue that it acted in good faith. But on appeal, we can consider only the evidence before the district court at the time it made the decision to enter default judgment. *See Boyd v. San Pedro, L.A. & S.L.R. Co.*, 146 P. 282, 284 (Utah 1915) ("[W]e are required to consider only that evidence and the record before the court at the time . . . the ruling was made."). And none of the evidence submitted with the rule 60(b) motion was before the district court when it entered default judgment. Thus, we do not consider it here.

default judgment against it. Rule 16(d) of the Utah Rules of Civil Procedure directs that when the court finds a party has violated the rule, it "may take any action authorized by Rule 37(b)." *Id.* Rule 37(b), in turn, allows the court to consider and impose any of the following sanctions: deeming facts established, limiting a party's argument, prohibiting evidence, imposing a stay until compliance happens, dismissing an action (in part or in full), striking pleadings, entering default judgment, imposing attorney fees, and giving adverse jury instructions. *Id.* R. 37(b).

¶13 While default judgment is perhaps the harshest sanction a court may impose in this setting, we see no abuse of discretion in the court's imposition of it here. Indeed, it is difficult to envision any sanction short of default judgment that would be more appropriate under these circumstances. Other lesser sanctions— adverse jury instructions, prohibiting evidence, or attorney fees— would have little impact upon a defendant who refused to participate in the litigation for over three years. We therefore agree with the district court that "no lesser sanction would cure the issues" or "would change [OCS's] conduct as it relate[d] to litigating this case." Accordingly, the district court did not abuse its discretion in entering default judgment as a sanction.

## II. Damages Award

¶14 OCS next claims the district court was required to allocate fault to the various defendants in the case rather than impose the entire amount of damages against it. However, this argument was not raised before the district court and is therefore not preserved for appeal. "When a party fails to raise and argue an issue in the [district] court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to preservation." *State v. Flora*, 2020 UT 2, ¶ 9, 459 P.3d 975 (cleaned up). Our supreme court "has recognized three distinct exceptions to preservation: plain error, ineffective assistance of counsel, and exceptional circumstances. A party seeking review of an unpreserved issue must establish the applicability of one of these

exceptions to persuade an appellate court to reach that issue." *Id.* (cleaned up).[6]

¶15 Here, counsel for OCS appeared at the damages hearing before the district court and participated fully in the proceeding. But OCS never argued that the court needed to allocate fault, nor did it ask the court to do so. Thus, the issue was not presented to the district court to decide.

¶16 In its reply brief, OCS advances two arguments as to why we should nonetheless review its unpreserved challenge to the damages award: equitable estoppel and preservation by acquiescence. However, neither of these arguments is one of the three exceptions to our preservation requirement. *See id.* We therefore decline to address the merits of these arguments.

CONCLUSION

¶17 The district court did not abuse its discretion when it sanctioned OCS for failing to participate in the litigation for three years and entered default judgment. OCS's challenge to the amount of the damages award is unpreserved, and we therefore do not address it. We accordingly affirm both decisions of the district court.

————————

6. We note that two of the exceptions are unavailable in this case. Plain error is generally unavailable in civil cases. *See Kelly v. Timber Lake Prop. Owners Ass'n*, 2022 UT App 23, ¶ 41, 507 P.3d 357 ("Unless expressly authorized by rule, the plain error exception to our preservation rule does not properly extend to ordinary civil appeals." (cleaned up)). And "ineffective assistance of counsel is a sixth Amendment right limited to criminal law," *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 386 n.2 (Utah Ct. App. 1991), and parental rights cases, *see In re E.H.*, 550 P.2d 11, 13 (Utah Ct. App. 1994).